JACOB B. WELLS et al., as Trustees, etc., Appellants, *v.* CHARLES T. WELLS et al., Appellants and Respondents.

88   323
163   197

The will of W. directed his executors to convert his estate, real and personal, into money, invest the proceeds as specified, pay one-third of the interest to his wife during her life, and on her decease divide it equally among his children, in the manner provided in regard to the remaining two-thirds. In case of the death of either of his children without issue before the death of his wife, it was directed that "the share or portion" of the estate "and the interest thereof, to which such child would at that time be entitled," should revert to the estate to be distributed as thereinafter provided. In case of the death of any of his children leaving issue after the death of his wife, it was directed that the share or portion of the estate "and the interest thereof, to which such child shall then be entitled, shall be paid to such issue, or to the next of kin of such deceased child." By the last clause, in case either of his sons should "acquire an amount of property equal to the amount of principal held in trust for them respectively," and should "have good habits and business qualifications," the executors were directed "to pay over such principal to the son so entitled thereto," and the testator adds, "I hereby give and bequeath to such son said principal sum to be paid him." W. died leaving his wife and seven children surviving; the widow has since died leaving all of the children surviving. In an action for a construction of the will, *held,* that the primary intent of the testator, as indicated by the will, was to give the income of his estate to his wife and children respectively, and the *corpus* to the issue of his children, save in the case specified in the last clause; that the substituted gift in that clause was not inconsistent with the general purpose, and that such a limitation was valid; that under the doctrine of equitable conversion the trust was one of personal property; that the will was to be construed as though it

had in terms created a separate trust for each child, and his or her issue; that the utmost suspension of the ownership of any part of the estate was during the lives of the widow and of one child; and that, therefore, there was no unlawful suspension of the power of alienation, and the trust was valid; also that as there was no devolution of the share of a child dying without issue after the death of the widow, in the happening of such a contingency, the share of the child so dying goes to the next of kin of the testator.

(Argued March 1, 1882; decided March 14, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 12, 1881, which affirmed a judgment, entered upon a decision of the court on trial at Special Term.

This action was brought to obtain a judicial construction of the will of Harmon K. Wells, deceased. The testator died in March, 1864, leaving his wife and seven children surviving. The widow died in November, 1878; all of the children survived her.

The first clause of the will reads as follows:

" I. I give, devise and bequeath all my estate, real and personal, and the income and interest thereof, to my executors and executrix hereinafter named, in trust to be by them disposed of as follows."

The second clause provides for the payments of debts by the executors at such times as they may deem proper, within the period prescribed by law.

The third, fourth and fifth clauses bequeath certain general and specific legacies.

Then follow these clauses:

" VI. The residue of my estate, real and personal, I direct my executors and executrix to convert into money, except as hereinafter mentioned; and the proceeds thereof to be by them invested in bonds and mortgages on unincumbered productive real property in the city of New York, of a value of at least one-third greater than the sum advanced on such real property, or in the United States stocks, or stocks of the State of New York; and the interest thereof to be paid annually or semi-

annually, as the case may be, one-third thereof to my wife, Caroline B., during her natural life, and on her decease said interest is to be divided among my children, as hereinafter provided for the remaining two-thirds of said income.

" VII. The remainder of said interest is to be divided equally among my children, share and share alike, and paid to them annually or semi-annually as the case may be.

" VIII. In case of the death of either of my children without issue, before the decease of my wife Caroline B., the share or proportion of my estate, and the income and interest thereof, to which such child would at that time be entitled shall revert to my estate, and be divided and distributed as hereinbefore provided.

" IX. In case of the death of either of my children leaving issue, after the decease of my wife Caroline B., the share or proportion of my estate and the income and interest thereof,· to which such child shall then be entitled, shall be paid to such issue, or next of kin of such deceased child.

" X. Whenever either of my sons shall accumulate and acquire an amount of property equal to the amount of principal held in trust for them respectively, from which they receive annual or semi-annual interest, and have good habits and business qualifications so that in the opinion of my executors and executrix they would not be likely to waste said principal, then and in that case my executors and executrix are authorized and required to pay over such principal to the son so entitled thereto ; and I hereby give and bequeath to such son said principal sum, to be paid to him."


*C. J. G. Hall* for plaintiffs, appellants. The law favors a construction of wills that does not disinherit heirs. (*Areson* v. *Areson*, 3 Denio, 458, 461 ; *Lynes* v. *Townsend*, 33 N. Y. 558, 561; *Scott* v. *Guernsey*, 48 id. 106; *Low* v. *Harmony*, 72 id. 408, 414.) Where the language of a limitation is capable of two constructions, one of which would operate to disinherit a lineal descendant of the testator while the other would not, the latter should be preferred. (*Thompson* v. *Conway*, 23

How. 621.) A trust to be valid must be measured in terms, by time, or lives of persons in being at creation of trust. (*Everitt* v. *Everitt*, 29 N. Y. 39, 71; *Jennings* v. *Jennings*, 7 id. 549; *Monarque* v. *Monarque*, 80 id. 324; *Fox* v. *Phelps*, 17 Wend. 402; 1 Johns. Ch. 494.) The words " share or pro- portion of my estate and the income and interest thereof," to which such child would then be entitled, in the ninth clause, doubtless refers to the time of the decease of the wife. (*Scott* v. *Guernsey*, 48 N. Y. 106; *Lynes* v. *Townsend*, 33 id. 558– 561; *Areson* v. *Areson*, 3 Denio, 458; *Low* v. *Harmony*, 72 N. Y; 408–414; *Thompson* v. *Conway*, 23 Hun, 625; *Pat- terson* v. *Ellis*, 11 Wend. 260; *Warner* v. *Durant*, 15 Hun, 450.) The fact that the bequest is to the executors in trust does not prevent the vesting of the legacy. (*Phipps* v. *Wil- liams*, 5 Sim. 44; *Bland* v. *Williams*, 3 M. & K. 411; 2 Ves. Jr. 91; *Morice* v. *The Bishop, etc.*, 10 Ves. 521; 2 Story's Eq. Juris., § 979; *Knox* v. *Jones*, 47 N. Y. 389; *Post* v. *Hover*, 33 id. 593; *Savage* v. *Burnham*, 17 id. 561.) A devise of the interest or of the rents and profits is a devise of the thing itself, out of which that interest or those rents and profits may issue, there being no disposition, in terms, of the principal sum. (*Haig* v. *Sweney*, 1 Sim. & Stuart, 489; *Grassick* v. *Drummond*, id. 517; *Patterson* v. *Ellis*, 11 Wend. 260, 298; *Hatch* v. *Bassett*, 52 N. Y. 359; *Gulick* v. *Gulick*, 52 N. J. Eq. 324; Roper on Legacies, 1476; 2 Redfield on Wills, 429 note *a; Armstrong* v. *Moran*, 1 Bradf. 31–4; 1 Chitty's ed. Blackst., marg. 515; 2 Jarman on Wills, 211, chap. 4.) No trust was created by the will or the trust created is invalid. (*Schettler* v. *Smith*, 41 N. Y. 328–334; Lewis on Perpetuities, 170; *Hawley* v. *James*, 16 Wend. 62; *Coster* v. *Lorillard*, 14 id. 265; *Hawley* v. *James*, 16 id. 61; *Knox* v. *Jones*, 47 N. Y. 389; *Savage* v. *Burnham*, 17 id. 561; *Harrison* v. *Harrison*, 36 id. 543.) Whatever may be the construction of the will, this court ought to provide for the payment of the proper costs and charges of the plaintiffs in the prosecution of the appeals, both to the General Term and to this court. (*Downing* v. *Marshall*, 37 N. Y. 380.)

*Wm. H. Townley* for defendants, appellants.  The property in the hands of the trustees must be regarded as personalty, and the trust as one of personal property.  (*Kane* v. *Gott*, 24 Wend. 659; *Amory* v. *Lord*, 9 N. Y. 403–421.)  The trust created by the will unduly suspends the power of alienation. (2 R. S. [Banks' 6th ed.] 1167, §§ 1, 2; id. 1101, § 14; *Roosevelt* v. *Roosevelt*, 6 Hun, 31; 64 N. Y. 651; *Kane* v. *Gott*, 24 Wend. 641; *Graff* v. *Bonnett*, 31 N. Y. 9; *Knox* v. *Jones*, 47 id. 389; Redf. on Wills, part 2, p. 571; *Jennings* v. *Jennings*, 3 Seld. 547; *Hawley* v. *James*, 16 Wend. 61; *Colton* v. *Fox*, 67 N. Y. 348; *Schettler* v. *Smith*, 41 id. 328, 334, 335, 337; *Kilam* v. *Allen*, 52 Barb. 605; *Coster* v. *Lorillard*, 14 Wend. 265; *Knox* v. *Jones*, 47 N. Y. 389; *Boynton* v. *Hoyt*, 1 Denio, 58; *Van Nostrand* v. *Moore*, 52 N. Y. 12; *Lord Dungannon* v. *Smith*, 12 Cl. & Fin. 599.)

*Almet F. Jenks* for respondents.  The disposition made by the testator was valid, and it being of personal property, was not subject to the limitations imposed on trusts of real estate. (*Delaney* v. *Van Aulen*, 84 N. Y. 23; *Stagg* v. *Jackson*, 1 Conn. 206; *Marsh* v. *Wheeler*, 2 Edw. Ch. 155; *Kane* v. *Gott*, 24 Wend. 641; *Bramhall* v. *Ferris*, 14 N. Y. 47; *Hatch* v. *Bassett*, 52 id. 359–361; *Manice* v. *Manice*, 43 id. 372; *Haggerty* v. *Haggerty*, 9 Hun, 175; *Everitt* v. *Everitt*, 29 N. Y. 71.)  The estate is held by the trustees in separate, undivided shares, proportionate to the number of children, and as to any one share the trust terminates when a child dies, at which time the said share is to be paid over absolutely to the issue or next of kin of said deceased child.  (*Buckley* v. *DePeyster*, 26 Wend. 21; *Nason* v. *Nason's Ex.*, 2 Sandf. Ch. 432; *Cromwell* v. *Cromwell*, 2 Edw. Ch. 495; *Savage* v. *Burnham*, 17 N. Y. 251; *Everitt* v. *Everitt*, 29 id. 39; *Harrison* v. *Harrison*, 36 id. 543; *Stevenson* v. *Leslie*, 70 id. 512; *Monarque* v. *Monarque*, 80 id. 320; *Bingham* v. *Jones*, 12 N. Y. Weekly Digest, 406.)  The direction to the trustees to pay over the principal upon the death of a parent was a devise of the fee to issue of such parent.  (*Manice* v. *Manice*, 43 N. Y. 378; *Lane* v.

*Brown,* 20 Hun, 385; *Moore* v. *Lyon,* 25 Wend. 119; *Gilman* v. *Reddington,* 24 N. Y. 10, 11, 16; *Embury* v. *Sheldon,* 68 id. 227, 234, 235.) The issue of each child has a vested remainder in a share of the estate. (*Crandall* v. *Wendell,* 1 Comst. 491; 2 Williams on Exec. 1346; *Skey* v. *Barnes,* 3 Meriv. 350; *Templeman* v. *Warrington,* 1 Sim. 267; *Moore* v. *Lyon,* 25 Wend. 118–144; *Berdell* v. *Guyon,* 12 Hun, 396; *Livingston* v. *Green,* 52 N. Y. 118; *Embury* v. *Sheldon,* 68 id. 227; 1 R. S. 723, § 13; *Gilman* v. *Reddington,* 24 N. Y. 16; 1 Jarm. on Wills, 798 [3d ed.]; *Packham* v. *Gregory,* 4 'Hare, 398.) The invalidity of the eighth clause, if it were invalid, would not affect the remainder of the testator's scheme. (*Harrison* v. *Harrison,* 36 N. Y. 543; *Fowler* v. *Depau,* 26 Barb. 236; *Schettler* v. *Smith,* 41 N. Y. 331–336.) Where the object for which a conversion of real estate into personalty fails, either wholly or in part, so that the proceeds thereof are not legally and effectually disposed of by the will of the testator, there is a resulting trust in favor of the heir at law *pro tanto.* (*Hawley* v. *James,* 5 Paige, 444; 7 id. 213; *Wood* v. *Cone,* id. 471; 2 Redf. on Wills, 491; *White* v. *Howard,* 46 N. Y. 144–169–170.) A suspension of the power of alienation, resulting simply from minority, is not such as is contemplated by the statute. (*Hunter* v. *Hunter,* 17 Barb. 25.)

ANDREWS, Ch. J. The primary intent of the testator, as indicated by his will, was to give the income of his estate to his wife and children during their lives respectively, and the *corpus* to the issue of his children. The existence of this intent furnishes the only adequate explanation of the motive of the testator in creating the trust estate in his executor, and the power conferred and the duties enjoined upon the trustees, have especial and consistent relation to this general scheme for the distribution of his estate. The question is whether this plain purpose of the testator has been accomplished.

The testator directs the trustees to convert his real and personal estate into money, and to invest the proceeds in certain specified securities, and in the *sixth* and *seventh* clauses of his

will provides that one-third of the interest from this consolidated fund shall be paid annually or semi-annually, as the case may be, to his wife during her life, and that the remaining two-thirds shall be equally divided among his children, share and share alike, and that on the death of his wife, the *interest* on the one-third of his estate given to her for life, shall be divided among his children, as provided in respect to "the remaining two-thirds of said *income*."

The ninth clause contains the only disposition of the principal of the fund contained in the will, with the exception of the contingent limitation in the *tenth* clause, which will be referred to hereafter, and a provision in the *eighth* clause, that upon the death of either of his children without issue before the decease of his wife, "the share or proportion of my estate and the interest and income to which such child would be entitled, shall revert to my estate and be divided and distributed as hereinbefore (hereinafter) provided." The ninth clause is as follows: "In case of the death of either of my children, leaving issue, after the decease of my wife Caroline B., the share or proportion of my estate and the income and interest thereof, to which such child shall then be entitled, shall be paid to such issue or the next of kin of such deceased child." The wife of the testator died subsequent to his death. The seven children of the testator are still living, some of whom are married and have issue, born since his death. It is claimed on behalf of the children that the trust terminated on the death of the testator's wife, and that by the true construction of the will, a fee in the *corpus* of the estate was given to the children to vest in possession on the death of the mother. This claim cannot be sustained without subverting the plain intent of the testator. The duration of the trust was not limited to the life of the testator's wife. This is apparent from several considerations. The provision in the *sixth* clause that on the death of the wife the one-third of the income given to her for life shall be divided among the children, as provided in respect to the two-thirds given to them, manifestly implies that the trust

is to continue for the purpose of receiving and dividing income which may thereafter accrue. The *ninth* clause directs the payment over to the issue of any child dying after the death of the wife, of the share of the child so dying, a provision wholly inconsistent with the idea that the trust terminated on the death of the wife. The direction was necessarily a direction to the executors and trustees to whom the fund had been given, and implies that it was to remain in their hands after the death of the wife, for the purposes of the will. The *tenth* clause confirms this construction. This clause authorizes the executors, whenever either of his sons shall have accumulated " an amount of property equal to the amount of principal held in trust for them respectively, from which they receive annual or semi-annual interest, and have good habits and business qualifications, so that in the opinion of my executors they would not be likely to waste the principal, to pay over such principal to the son so entitled thereto," and the testator adds, " and I hereby give and bequeath to such son, such principal sum to be paid to him." This authority is to be exercised *whenever* the principal condition is fulfilled, which may occur either before or after the death of the wife.

The claim that the *corpus* of the property was given to the children, is founded in part upon a criticism of the language of the testator in the *ninth* and other clauses of his will. For example, in the *ninth* clause he speaks of the " share and proportion of his estate, and the interest, etc., to which such child" is entitled. The language is inexact and inappropriate upon the construction that the children take no share of the principal, but as the context shows, it was made to define the proportion of the *corpus* to which their issue would be entitled on the death of the parent. In the *tenth* clause, which, in a certain contingency, gives to his sons a share of the principal, it is referred to as the share " from which they receive annual or semi-annual interest," showing that the original gift to the sons comprehended the income only. The counsel for the appellants, to support their contention that there is a gift of the *corpus*

to the children, refer to the doctrine that a general gift of the income of a fund, is a gift of the fund itself. (*Haig* v. *Swiney*, 1 Sim. & Stu. 488; *Patterson* v. *Ellis*, 11 Wend. 260.) But this doctrine does not apply in this case, for the reason that there is no general gift of the income to the testator's children. It is true that the gift of the income to the children is not in express terms limited to their lives, but this is the necessary construction from the gift over of the principal sum on their death. The direction to divide the income among the children, and to pay over the principal to their issue on their death, is equivalent to a bequest of the income, to the children for life, and of the principal to their issue. (*Gilman* v. *Reddington*, 24 N. Y. 10; *Manice* v. *Manice*, 43 id. 378.) It is to be observed also, that in the *tenth* clause, providing for a contingent limitation of the fee to the sons, the testator uses terms of express gift, and does not leave his intention to inference. That the testator's general intention was to give the income only to his children and the principal to his grandchildren, is plain and unmistakable. The substituted gift in the *tenth* clause is not inconsistent with the general purpose. He may reasonably have supposed that if his sons demonstrated their ability to accumulate property, and were of good habits, his estate, given to them in that contingency, would be preserved for, and ultimately be applied for the benefit of their issue.

The argument that the construction that the children took life estates only, disinherits the heirs of the testator, and that courts lean against such a construction of a will, is only relevant when the intent is doubtful. But a limitation by a parent of his estate to his children for life, remainder to their issue, is in no just sense a disinheritance of his heirs.

The only question remaining respects the validity of the trust under the statute against perpetuities. Upon the doctrine of equitable conversion, the trust in this case was a trust of personal property. (*Kane* v. *Gott*, 24 Wend. 659.) The absolute ownership of personal property cannot be suspended by

any limitation in a will, for more than two designated lives in being at the death of the testator. (2 R. S. 773, § 1; *Hawley* v. *James*, 16 Wend. 61.) Such ownership may be suspended during the continuance of a lawful trust, and if the trust in question is so constituted that by its terms or necessary construction, it will not, or may not terminate within the period of two designated lives after the death of the testator, it is void.

It is evident that the trust was to continue so long as was necessary to pay the income to the beneficiaries for life. The wife, on the testator's death, was entitled to the income of one-third of the estate for her life. The contingency was possible that she might outlive all of the children. In that possible, though improbable event, it would be necessary that the trust term should continue as to the one-third part of the fund, to enable the trustees to fulfill the trust in her favor. But upon her death the trust would expire, because the purpose of the trust would then have been accomplished. The part of the estate then in the hands of the trustees would go either to the issue of the children, or to the next of kin of the testator, depending upon the construction of the *ninth* clause. If that clause is construed as a limitation to the issue of children only who should die after the death of the wife, the fund would be undisposed of and would be distributed as in case of intestacy. But as the wife died before the children, it is unnecessary to consider this question. It is material only to observe that in the case of the widow surviving all the children, the ownership of the one-third of the fund would be suspended by the trust during her life only, which would be a valid limitation. In the event which has happened, the whole fund is held in trust to receive and pay the income to the children. It is claimed by the counsel for the children that, assuming (as we have held) that the trust did not terminate on the death of the wife, then by the true construction of the will, the trustees are to hold the fund given to them in trust, as an entirety during the lives of the seven children. This would plainly transcend the limitation of the statute. But this is not the true construction of the will. The estate, as was said in *Savage* v. *Burnham*

(17 N. Y. 571), is consolidated under one trust, but it is a trust for distribution and payment to each beneficiary, or class of beneficiaries, upon the events specified in the will. The income not only is given to the children in shares, but by the *ninth* clause, the share out of which the income of each child comes, is given immediately on his death to his issue. The testator plainly contemplated a segregation of each share from the general mass upon the death of any child leaving issue, and a payment over of such share to such issue. Each share in turn will be liberated from the trust upon the death of the parent leaving issue, and the trust as to each share will thus terminate. The utmost period of suspension of the ownership of any part of the estate, will be the lives of the widow and of one child, a period within the statute. The interests carved out of the trust are separable and distinct, and the will is to be construed as though in terms it had created a separate trust for each child and the issue of each child, in one undivided seventh part of the estate. (*Savage* v. *Burnham*, 17 N. Y. 571; *Everitt* v. *Everitt*, 29 id. 39; *Stevenson* v. *Lesley*, 70 id. 512; *Monarque* v. *Monarque*, 80 id. 320.)

The testator has not provided for the devolution of the share of a child, dying without issue, after the death of the wife. We concur in the opinion of the court below that such share, upon the death of a child so dying, goes to the next of kin of the testator. It is unnecessary to determine whether the ulterior limitation in the *eighth* clause, in the event of the death of a child without issue before the death of the wife, can be sustained. The death of the wife, the children surviving, renders that question unimportant.

For the reasons stated we think the judgment is right, and it should, therefore, be affirmed.

All concur.

Judgment affirmed.