(115 App. Div. 626)

THIELER v. RAYNER et al.

(Supreme Court, Appellate Division, Second Department.   November 16, 1906.)

1. PERPETUITIES—SUSPENSION OF POWER OF ALIENATION.

Where, by the terms of a will devising real estate, a deed executed by the life tenants and the remaindermen will convey an absolute fee, there is no restraint on alienation or violation of the rule against perpetuities, within the statute.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Perpetuities, §§ 45, 51.]

Appeal from Special Term, Kings County.

Action by Christian Thieler against Mary Rayner and another, individually and as executrix of Theodore Thieler, deceased, and others. From a judgment for defendants, plaintiff appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Edward G. Nelson, for appellant.

Herbert L. Fordham (Townsend Scudder, Gotthardt A. Litthauer, and J. Mayhew Wainwright, on the brief), for respondents.

WOODWARD, J.   It distinctly appears by the terms of the will itself, the validity of which is attacked in this case, that a deed executed by the life tenants and the remaindermen would convey an absolute title in fee.   Under these circumstances there is no restraint upon alienation or violation of the rule against perpetuities within the express definition of the statute.

The judgment should be affirmed, with costs.   All concur.