BEATTY v. GODWIN et al.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

PERPETUITIES—SUSPENSION OF ABSOLUTE POWER OF ALIENATION—PERSONAL PROPERTY.

Testator directed the proceeds of his real estate business and investments to be held in trust, the income thereof to be divided into three equal shares, one of which was to be paid to his widow for life, and on her death the same to be added to the shares of testator's daughter and grandson, or the survivor, and another of such shares to be paid to his daughter for life, and on her death to be added to the share of his grandson, and the third share to be applied to the support and education of his grandchild until 26, at which time he directed that his grandchild was to receive his full share of the principal of testator's estate, and further provided that, should the grandchild die before 26, leaving issue, then his share should be divided among them, and, should he die intestate and without issue before 26, then his share of the estate should be divided between the daughter and widow, or survivor, and, should neither be surviving, the grandchild's interest should become part of the general estate, and in another clause that, should there be any residue remaining, the same should be distributed among those entitled thereto by law. *Held*, that testator did not create a single trust, void for suspending the absolute ownership of personal property beyond two lives in being at his death, but that he created three valid trusts: A trust in one-third to pay the income to the widow for life, and on her death to divide it between the daughter and grandson, or survivor, the daughter's share to be paid to her for life, and the fund producing such income, one-third or one-sixth of the estate as the case might be, to be freed from the trust

on her death, the grandson's share of income to be paid him until 26, and the fund producing the same to be freed from the trust at that time, with remainders over to testator's next of kin; a trust in another one-third to pay the income to the daughter for life, and on her death to the grandson until 26, with remainder over to testator's next of kin; a trust in another one-third to pay the income to the grandson until 26, with remainder over to the grandson, if attaining that age, and with successive substituted remainders, first to the grandson's issue, second to the widow and daughter, or survivor, and, third, to testator's next of kin.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 45–56.]

Appeal from Special Term, Kings County.

Action by Claudius F. Beatty against Charles H. Godwin, as executor and trustee under the will of Claudius F. Beatty, deceased, and others. Judgment for defendants, and plaintiff appeals. Judgment modified, and, as so modified, affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Almet Reed Latson (Ward W. Pickard, on the brief), for appellant.

Levi S. Tenney, for respondent executors and trustees.

John C. Coleman (George W. Thomas, on the brief), for guardian ad litem of respondent Claudius Francis Beatty.

MILLER, J. We are confronted with the task of construing a will evidently prepared by one unlearned in the law and unskilled in the use of language. Much that the testator said is ambiguous, and it is evident that he has only succeeded in part in expressing what he intended to say, and doubtless supposed he did say. Still, so far as he has expressed his intention, we must ascertain it, and, if permissible upon any reasonable interpretation, we must find a meaning in harmony with the law. The testator died, leaving him surviving a widow, Jane Beatty, two sons, Claudius F. Beatty and James B. Beatty, and a daughter, Eliza Jane Beatty. The defendant Claudius Francis Beatty is the only child of the said James B. Beatty. The important provisions of the will are the following:

"Eighth. The proceeds of sale of my real estate and business, and investments thereof, shall be held by my executors and trustees, and the survivor of them, in trust for the following uses and purposes; that is to say: The whole income thereof shall be divided into three equal shares.

"One of said shares shall be paid semiannually or oftener should her necessities require and the condition of the estate permit, to my wife Jane Beatty, for her sole and separate use, during the term of her natural life. This provision for my said wife is given and to be accepted in lieu of dower or other interest in my estate. Upon the death of my said wife her share of the income of my estate shall be added to the shares of my daughter and grandson hereinafter provided for, or the survivor of them.

"Another of said shares of income is to be paid in like manner to my daughter Eliza Jane Beatty for and during the term of natural life, and upon her decease shall be added to the share of my grandchild next hereinafter mentioned.

"The third share of said income shall be applied to the support, education and maintenance of my grandchild Claudius Francis Beatty, the child of my son James B. Beatty, until he shall attain the age of twenty-six years. During his minority such income shall be paid to his guardian. And upon said Claudius Francis attaining the age of twenty-six years he shall be entitled to receive his full share of the principal of my estate. Should said Claudius

Francis die before attaining the age of twenty-six years, leaving lawful issue him surviving, then his share of my estate shall be divided among said issue in equal shares. Should said Claudius Francis die intestate and without lawful issue before attaining the age of twenty-six years then his share of my estate shall be divided between my daughter and widow, or the survivor of them in equal shares. Should neither be surviving them the interest of my said grandchild shall become part of my general estate.

"Ninth. As soon as my real and personal estate shall have been sold as herein before directed, and my debts paid, I direct that my executors shall have their account as such judicially settled, and the estate transferred to them as trustees, to be thereafter administered by them as such.

"Tenth. My sons James B. and Claudius F. will well understand why I have not made other provisions for them in this will.

"Eleventh. Should there be any residue remaining of my estate after compliance with the foregoing provisions the same shall belong to and be distributed among such persons as by the laws of the state of New York would be entitled to participate in the distribution of my estate in case of intestacy."

The testator having directed a conversion of his real estate into personalty, the trust attempted to be created by the eighth clause may be considered as a trust of personal property. The plaintiff contends that it is void for suspending the absolute ownership of personal property for a longer period than during the continuance of two lives in being at the death of the testator; that a single indivisible trust was created for the lives of said Jane Beatty and Eliza Jane Beatty and the life of Claudius Francis Beatty, or until he shall attain the age of 26 years. The trustees contend that within the contempation of the testator three separate and distinct trusts were created; that the respective interests are severable, although the fund may be kept in solido for convenience; that the income of one of said trusts was to be paid to the widow during life, and upon her death the trust estate was again in legal contemplation to be divided, and the income of each subdivision—i. e., one-sixth of the entire estate—was to be paid to said daughter and grandson respectively, or in case of the prior death of either the whole was to be paid without subdivision to the survivor of them and that upon the death of either the trust in one-sixth or one-third of the estate, as the case might be, was to terminate, and the corpus thereof was to be distributed under the eleventh clause of the will; that the income of another trust was to be paid to said daughter during her life and upon her death to the said grandson, and upon the death of the survivor the capital was to be released from the trust and be distributed as aforesaid; and that the income of a third trust was to be paid to said grandson until he should attain the age of 26 years, when he was to receive the capital, and that substituted remainders of the latter trust were provided for the contingency of the grandson's death before attaining said age. The guardian ad litem of said grandson contends that there were three separate and distinct trusts created, but that the remainders of all three were bequeathed to the grandson and are to be paid him when he attains the age of 26 years or whenever said several trusts are terminated. He concedes that there may have been an unlawful suspension in respect of one-sixth of the estate, the income of which may have to be paid successively to the widow, the daughter, and said grandson; but he contends that that trust should be sustained for the lives of the widow and the daughter.

We can see no obstacle in the way of holding that in the contemplation of the testator the trusts were severable and distinct, and that view will prevail where possible, especially if the validity of the will depends upon it. Wells v. Wells, 88 N. Y. 323; Schermerhorn v. Cotting, 131 N. Y. 48, 29 N. E. 980; Locke v. F. L. & T. Co., 140 N. Y. 135, 35 N. E. 578. It is plain that the testator contemplated a division when the said Claudius Francis arrived at the age of 26 years, for he provided that said Claudius Francis should then receive "his full share of the principal of my estate." What he meant by that may not be free from doubt, but it is certain that he did not intend that the said Claudius Francis should then receive the capital producing income for the benefit of the widow and daughter in case they or either of them were alive. He had in mind the possibility that one or both might survive the said Claudius Francis, because he provided for that contingency. I think we should hold, then, for the purpose of sustaining the bequest, that in legal effect three separate and independent trusts, differing in duration, were created, and that upon the termination of each the corpus of that trust was to be freed from the trust.

Considering the trusts as separable, there is no difficulty respecting the validity of the trust in one-third of the estate for the payment of income to said Claudius Francis. That will terminate when he arrives at the age of 26 years or sooner dies, and it is plain that the testator intended that at least so much of his estate should then go to the said Claudius Francis, or, in case of his prior death, to those specified. Nor does any unlawful suspension result from the trust in one-third of the estate for the payment of income to the daughter for life; for that will terminate upon her death and upon the death of the said Claudius Francis, or upon his attaining the age of 26 years. It is not so plain how the testator intended to dispose of the remainder of that trust and of the one for the benefit of the widow. The language of the eleventh clause, "Should there be any residue," etc., indicates that the testator supposed that he had disposed of his entire estate by the earlier clauses, and that he intended by that clause to provide only for a possible contingency. That contingency is suggested by the last sentence of the eighth clause of the will:

"Should neither be surviving then the interest of my said grandchild shall become part of my general estate."

There was no attempt to dispose of the remainders of the trusts primarily created for the widow and the daughter, respectively, by any provision of the will before the residuary clause, unless it was made by that part of said eighth clause providing:

"And upon said Claudius Francis attaining the age of twenty-six years he shall be entitled to receive his full share of the principal of my estate," etc.

I think that said language may reasonably be held to refer to the share mentioned in the paragraph in which it is found; i. e., the third share primarily intended for the benefit of said Claudius Francis. For, as already stated, the testator plainly did not intend that the said Claudius Francis should receive the corpus of the trust for the benefit of the widow and daughter, respectively, before the death of the life beneficiaries, and as he has not provided that the said Claudius Francis

should receive the corpus of said trusts when the life estates should fall in, but has only provided that he should receive principal at one time—i. e., when he arrives at the age of 26 years—it is reasonable to suppose that he had in mind the principal fund, which would then at all events be freed from the trust. The fact that in the preceding para- graphs he provided for possible additions to the income of the said Claudius Francis from the shares of the widow and daughter does not prove that he intended that the principal fund ultimately to go to said Claudius Francis should be correspondingly augmented.

It may be argued with much force that the testator intended that there should be no division of his estate; that it should all be envel- oped in one trust for the payment of income in equal shares to the wife, daughter, and grandson during their joint lives, and upon the death of the wife to the daughter and grandson during the life of the daughter, and upon the death of the latter to the grandson until he should arrive at the age of 26; that the income of the grandson should be successively augmented upon the death of the wife and daughter, which the testator thought would be likely to occur before the grandson arrived at the age of 26 years—there is no proof of their respective ages—so that said grandson would be receiving the entire income when he arrived at said age; and that "his share" would therefore be the entire estate. Upon that assumption the testator in- tended that the expression "his full share of the principal of my estate" should mean the principal upon which the grandson should be receiv- ing income when he arrived at the age of 26 years, which upon dif- ferent contingencies might be the entire estate—two-thirds, a half, or a third only. If we adopt the construction suggested last aforesaid, it must follow that but a single trust was intended. Literally the language of the will, like that of the wills considered in the cases cited supra, indicates that but a single trust was intended. The income, not the capital, is to be divided; and we reach the conclusion that separate trusts were contemplated only by holding that each had a separate and distinct purpose, and that each was to be terminated and its corpus freed from the trust when such purpose should be accomplished. If, however, the paramount purpose of the testator was to confine the entire fund in a trust until the death of the wife and daughter and until the grandson should attain the age of 26 years, we must hold that a single trust, void for offending the statute was intended, although those events might not transpire in the order which the testator anticipated. To be valid, the trust must terminate upon every possible contingency within the period of two lives in being at the death of the testator. Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 99, 69 N. E. 283, 67 L. R. A. 146.

With two possible constructions, then, of the words "his full share of my estate," we must adopt the one which will result in a valid be- quest. It is plain that the remainder bequeathed to said grandson, whatever it was, will not vest until he shall arrive at the age of 26 years. While the law favors the vesting of estates, where there are no words of gift of the remainder of a trust estate, except a direction to divide and transfer at a future time, it will be assumed that the

testator intended to create a future inalienable estate during the life of the trust. Herzog v. Title Guarantee & Trust Co., supra. In this case the testator negatived a different construction by providing for substituted remainders in the event of the death of said grandson before attaining the specified age. It follows that we can only sustain the will by holding that the words quoted supra refer to the third share of the estate primarily intended for the benefit of the grandson. It follows that the remainders of the other two trusts were not disposed of by said eighth clause, and that they fall into the residue and are disposed of by the eleventh clause. While the testator doubtless supposed that he had bequeathed said remainders by the eighth clause, we cannot bodily supply a bequest, although we may think we know what the testator intended.

There is still another difficulty. Upon the death of the wife her share of income is to be added to the shares of the daughter and grandson, and upon the death of the daughter her share is to be added to that of the grandson. Upon one construction that might result in an unlawful suspension in respect of one-sixth of the estate; i. e., during the lives of the wife and daughter and until the grandson reaches the specified age. A literal construction, however, permits the conclusion that the daughter's share of income, which is to be added to the grandson's share upon her death, is the income of the trust primarily created for her benefit, and does not include the possible addition to said share upon her mother's death. There is controlling authority for adopting the latter construction. Everitt v. Everitt, 29 N. Y. 39; Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481; Corse v. Chapman, 153 N. Y. 466, 47 N. E. 812. The testator did not specifically provide how long the grandson should enjoy the income which may be added to his share upon the death of the wife and daughter, respectively; but obviously he intended that such income should not be received by him after the termination of the trust primarily created for his benefit.

One other matter may require notice. In providing for the substituted bequests in the event of the death of the grandson before attaining the age of 26 years the testator said:

"Should said Claudius Francis die intestate and without lawful issue * * * then his share of my estate shall be divided between my daughter and widow," etc.

But it is plain that he did not intend that the intestacy of the grandson should be a condition of said substituted remainder taking effect. The testator had expressly provided that, in case of the death of said grandson leaving lawful issue, said remainder should go to such issue; but he had not given said grandson the power of appointment by will. The draftsman of the will evidently used the word "intestate" without consideration, and it may be rejected as meaningless.

Our conclusion is that in legal effect three valid trusts were created, viz.: (a) A trust in one-third of the estate to pay the income to the widow for life, and upon her death to divide it equally between the daughter and grandson, or to pay it to the survivor of them at that time, the daughter's share of income to be paid to her for life and the

fund producing such income—i. e., one-third or one-sixth of the estate, as the case might be—to be freed from the trust upon her death, the grandson's share of income to be paid him until he attains the age of 26 years, and the fund producing said income to be freed from the trust upon his attaining that age, with remainders over to the testator's next of kin; (b) a trust in another third of the estate to pay the income to the daughter for life, and upon her death to the grandson until he attains the age of 26 years or sooner dies, with remainder over to the testator's next of kin; (c) a trust in another third of the estate to pay the income to the grandson until he attains the age of 26 years, with remainder over to the grandson in case he attains that age, and with successive substituted remainders—first to the lawful issue of the grandson, second to the widow and daughter of the testator or the survivor of them, and third to the testator's next of kin. We may be certain that the foregoing construction effectuates the testator's intention in so far as it is possible to ascertain it and give it effect. In so far as it may fail to carry out what the testator really intended, the fault is either his or that of the draftsman of the will.

The judgment appealed from dismissed the complaint upon the merits, although the learned trial justice made findings of fact and conclusions of law substantially construing the will in accordance with the views herein expressed. The guardian ad litem properly asks that the judgment contain an adjudication construing the will. The parties are all before the court, and we can see no obstacle in the way of making an adjudication now which will save unnecessary litigation in the future.

The judgment may be modified accordingly, and, as modified, affirmed, with costs to all parties payable out of the estate. All concur.

---

NEWMARK v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.   June 12, 1908.)

1. CARRIERS—TRANSPORTATION—TRAINS.

A passenger, having paid his fare, is not entitled to board a train not scheduled to stop at the station from which he is to embark.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1040–1042.]

2. SAME—OPERATION OF TRAINS—CARE REQUIRED.

If an engineer in charge of a passenger train knows that a passenger is in a dangerous position, and is actually trying to board a train while in motion, the engineer would be bound to use care incident to such special knowledge; but, in the absence thereof, it is his duty to operate the train in a manner consistent with the safety with those already on board.

3. SAME—BOARDING TRAIN IN MOTION—CONTRIBUTORY NEGLIGENCE.

