---

## SIMPSON v. SIMPSON et al.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. WILLS (§ 481*)—OPERATION—TIME.

     A will speaks as of the date of testator's death.

     [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1005; Dec. Dig. § 481.*]

2. PERPETUITIES (§ 4*)—SUSPENSION OF ABSOLUTE OWNERSHIP—DETERMINATION—TIME.

     Whether a will provides for an illegal suspension of the absolute ownership of the principal of the estate must be determined as of the date of testator's death, and not according to subsequent events.

     [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 4; Dec. Dig. § 4.*]

3. WILLS (§ 549*)—CONSTRUCTION.

     Testator left, him surviving, his widow, a brother and sister, and the nephew and niece named in the will. He directed one-third of his estate to be held by his executors for the widow's benefit for life, and on her death the principal to be added in equal proportions to the shares of his brothers or sisters surviving him. He provided that his brothers' and sisters' shares should be held by the executor, and the income only distributed to them for life, and on the death of any or either of them his or her part to be added to the share or shares of the survivors, or survivor, in equal proportions, and on the death of the last survivor to pay the whole principal to his nephew and niece. *Held*, that on the widow's death her third was to be added in equal shares to the fund held by the executor for the brother and sister, subject to the same right of survivorship.

     [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1184; Dec. Dig. § 549.*]

4. WILLS (§ 439*)—CONSTRUCTION.

     A will will not be given a strained construction in order to uphold it; but testator's intention will be sought, and then the question whether the disposition is valid will be determined.

     [Ed. Note.—For other cases, see Wills, Cent. Dig. § 955; Dec. Dig. § 439.*]

5. WILLS (§ 449*)—CONSTRUCTION—PARTIAL INTESTACY.

     A construction that will result in partial intestacy is not to be adopted if a different construction is permissible; and to avoid such result cross-remainders may be implied as to accretions to funds set apart for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

life tenants, though such implication will result in destroying the trusts attempted to be created.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 965; Dec. Dig. § 449.*]

6. PERPETUITIES (§ 6*)—SUSPENSION OF POWER OF ALIENATION.

Testator left his widow, a brother and sister, and the nephew and niece named in the will. He directed one-third of his estate to be held by his executors for the widow for life, and on her death the principal to be added in equal proportions to the shares of his brothers or sisters surviving him. He provided that the brothers' and sisters' shares should be held by the executor, and the income only distributed to them for life, and on the death of any or either of them his or her part to be added to the share or shares of the survivors or survivor in equal proportions, and on the death of the last survivor to pay the whole principal to his nephew and niece. *Held*, that the will did not show testator's intent to make an absolute gift of the widow's third on her death to any one, and that the cross-remainder thereby created rendered the whole will void as an illegal suspension of alienation.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. § 14; Dec. Dig. § 6.*]

Appeal from Special Term, New York County.

Action by Julia K. Simpson against Isaac Simpson and others. From the judgment, plaintiff and certain of the defendants appeal. Affirmed.

Affirming judgment 59 Misc. Rep. 96, 112 N. Y. Supp. 155.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

S. Livingston Samuels, for appellants.

Henry Wollman, for respondents.

SCOTT, J. This appeal presents for consideration the attempted testamentary disposition of his property by Simon M. Simpson. The testator, at the time he made his will, held an endowment life insurance policy, and as he could not then foretell whether it would fall due and be collected during his lifetime, so that the proceeds thereof would constitute a part of his estate, or would become due upon his death and be paid to his wife as the beneficiary named therein, he made alternative disposition of his property. We have to consider only the attempted disposition made on the contingency that the wife would collect as beneficiary the proceeds of the policy. In that event the testator directed by the fourth clause of his will that one-third of his entire estate should be set apart and held by his executors, in trust to receive the income thereof and pay it over to his.wife during her life, and he directed that on her death the part so set apart for her benefit should be added in equal proportions "to the parts or shares of my brothers and my sister me surviving." He gave no part of the principal of his estate to his brothers and sisters, but as to them provided as follows:

"I divide the remaining two thirds part of my estate into a number of parts equal to the number of my brothers and sister living at my decease and my brothers and sister then dead leaving issue. One of said equal parts I give to the lawful issue of each of my brothers and sister then deceased for stirpes. I give each of the other of said equal parts to my executor in trust only and upon the trusts to pay the net income of one of said equal parts to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

each of my brothers and sister me surviving during his or her life, and on the death of any or either of my said surviving brothers or my sister to add the part or share of such deceased brothers or my sister to the share or shares of the survivors or survivor of them in equal portions, and on the death of the last survivor of my said brothers and my sister to pay over the whole of the principal thereof to my nephew Joseph S. Lichtenberg and my niece Allie Lichtenberg."

The will, of course, speaks as of the time of the testator's death, and whether or not it provides for an illegal suspension of the absolute ownership of the principal of the estate must be determined as of that date; for the rule is inflexible that the validity of such an attempted disposition must be determined by the possibilities as they appear at that time, and not by the event as it may afterwards happen. Morton Trust Company v. Sands, 122 App. Div. 691–693, 107 N. Y. Supp. 698.

The testator left, him surviving, his widow, the plaintiff herein, one brother, Isaac Simpson, and one sister, Isabella Lichtenberg, the mother of the nephew and niece named in the will. He left no children of his own, and was survived by no children of any deceased brother or sister. The serious question presented by this appeal is as to the attempted disposition of the one-third of the estate given to the executors for the benefit of the widow during her life. The direction of the will is that upon her death the amount set apart for her share be "added in equal proportions to the parts or shares of my brothers and my sisters me surviving." The use of the word "added" suggests something to which an addition can be made. No part or share of the estate was given to the surviving brothers or sisters, but only the income from certain parts or shares. There were certain parts or shares set apart for their benefit and directed to be held by the executors, and these could properly be denominated the parts or shares "of" the brothers and sisters. These constituted funds or portions of the estate to which additions could be made, and we think that the very obvious meaning of the testator was that upon the death of his widow that part of the estate then held by the executors for her benefit should be added in equal proportions to the parts or shares held by the executors for the benefit of the surviving brothers and sister. Precisely similar language is used by the testator in a later part of the same clause, where he provides that upon the death of a surviving brother or sister the part or share "of" such deceased brother or sister shall be "added" to the shares or share of the survivor. In this case it is plain that, in speaking of the part or share "of" a deceased brother or sister, the testator referred to the fund held by the executors for such brother or sister, and that he used the same language with the same intention when describing that to which the share of the deceased brother or sister was to be added.

It is suggested that in order to save the will we may so construe it as to add the share set apart for the widow, upon her death, to the income given to the surviving brothers and sister, so that they will take outright on the death of the widow the one-third of the principal in equal proportions. It is not our duty to strive by a strained construction to uphold a will, but to seek to ascertain the disposi-

tion which the testator undertook and intended to make, and, having ascertained that, to determine whether or not it is valid. The duty of the court is to interpret, not to construct; to construe the will, not to make a new one. Herzog v. Title Guarantee & Trust Company, 177 N. Y. 86, 69 N. E. 283, 67 L. R. A. 146; Tilden v. Green, 130 N. Y. 30–51, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487. We can find nothing in this will to justify a construction which will indicate that the testator intended to make a gift absolute to any one of the one-third part of his estate upon the death of his wife. On the contrary, both his language and the general scheme of his will indicate that he intended that his widow and his surviving brothers and sister should receive only income, and that the estate should be kept intact (if he were survived by no child of a deceased brother or sister) until his widow and his surviving brothers and sister had all died, and that then the "whole principal thereof" should be paid over to his nephew and niece. We think, therefore, that the undoubted intention of the testator was that upon the death of his wife the share set apart for her benefit was to be divided between and added to the shares then held by the executor for the benefit of the surviving brothers and sister, and thereafter to be held as a part of their shares. Thus at least two lives may intervene before the principal of the widow's third will become the subject of absolute disposition. As to one-half of the share set apart for the widow, or one-sixth of the whole estate, a third life must intervene before the principal can be paid over to the nephew and niece, and it is impossible now to say which one-sixth of the principal this will be. If upon the death of the widow one-half of the share set apart for her benefit be added to the share set apart for the benefit of each of the surviving brothers and sister, each of these shares will become augmented, and the share of each of them will then consist of the amount originally set apart for his or her benefit, plus one-half of the share originally set apart for the widow, and the augmented share will become subject to the provision that "upon the death of any or either of my said surviving brothers or my sister" it shall be the duty of the executor "to add the part or share of such deceased brothers or my sister to the share or shares of the survivor or survivors of them in equal portions," to the end that on the death of the last survivor of said brothers or sister the whole principal shall be paid over to the nephew and niece. If the true construction of the will be, as we consider that it is, that as to the share of the estate set apart for the widow it is to be held by the executor in trust during her lifetime, and after her death is to be held as to one-half thereof during the lifetime of the surviving brother, and as to one-half during the lifetime of the surviving sister, and that one of said halves is further to be held, upon the death of either the brother or the sister, during the lifetime of the survivor of them, there is a manifestly illegal suspension of the absolute ownership of one-sixth of the estate.

It is urgently argued on behalf of the appellants that it is unnecessary and improper to apply the cross-remainders provided by the will as between the surviving brother and sister to the share originally set apart for the wife, and directed at her death to be added to the shares set apart for the brother and sister, and it is insisted that the language

of the will will be satisfied if the provision for cross-remainders be limited to the shares originally set aside for the surviving brothers and sister. A number of well-known cases are cited in support of this contention. Beatty v. Goodwin, 127 App. Div. 98, 111 N. Y. Supp. 373; Corse v. Chapman, 153 N. Y. 466, 47 N. E. 812; Everitt v. Everitt, 29 N. Y. 39; Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481. All of these cases, however, are to be distinguished from the present, because there was in each a provision whereby the accrued share would vest absolutely in some one upon the death of the first or second life tenant. In the present case no such provision is to be found. If the one-sixth to be added to the respective shares of the surviving brother and sister are not to be subjected to the provision for cross-remainders applicable to the shares originally set apart for them, there will result intestacy, on the death of whoever first dies of the brother and sister, as to the one-sixth added to his or her share on the death of the widow, for the will contains no provision for the vesting of that one-sixth share in any one upon the death of the brother or sister who first dies. There is always a presumption that the testator did not contemplate intestacy, and a construction that will result in even partial intestacy is not to be adopted, if a different construction is permissible. Matter of Miner, 146 N. Y. 121–131, 40 N. E. 788; Johnson v. Brasington, 156 N. Y. 181–187, 50 N. E. 859; Matter of Hammond, 74 App. Div. 547–551, 77 N. Y. Supp. 783; Ward v. Stanard, 82 App. Div. 386–389, 81 N. Y. Supp. 906. To avoid such a result, and for the purpose of carrying out the obvious will of the testator, the courts do not hesitate to imply cross-remainders, even of accretions to funds set apart for life tenants, and not withstanding that such implication will result in destroying the trusts attempted to be created. Purdy v. Hayt, 92 N. Y. 446; Dana v. Murray, 122 N. Y. 604, 26 N. E. 21. We entertain no doubt that it was the intention of the testator that his whole estate, including the share set apart for his wife, should be retained by the executor until the death of the last survivor of his surviving brothers and sister, and then and only then be paid over to the nephew and niece. As to one-sixth of the estate this created an illegal suspension of the absolute ownership.

It is further argued by the appellants that even if, as to a portion of the estate, its disposition is found to be illegal and void, still that the remainder may be preserved. This assumes that the fifth clause, whereby, in case of the death of all of the testator's brothers and sisters in the lifetime of the wife, the whole estate is given to the executor for the life of the wife, applies only to the case of the death of all the brothers and sisters during the lifetime of the testator, and does not apply to the case of their death after that of the testator, but before that of his widow. We do not consider it necessary to consider that question, because we are of the opinion that the invalidity of the provision as to the disposition of the share set apart for the wife so far disturbs and destroys the whole scheme of the will as to affect all its provisions and render it wholly invalid. It is evident that the purpose of making due provision for his widow was uppermost in the mind of the testator. If his intestacy be found to relate only to the provision attempted to be made for her, an important object which

he sought to attain will be defeated. To permit the other provisions of the will to stand would result in a disposition of the estate quite different from that which the testator intended.

It follows that the judgment appealed from must be affirmed, but, since there are cross-appeals, without costs in this court to either party. All concur.