MARY K. ADAMS, Plaintiff, *v.* CHARLES HERNE McKEE, JR., and HELEN McKEE, Defendants.

Supreme Court, Washington County, July, 1923.

**Wills — construction — devise — power of sale in all persons interested — when power of alienation not suspended — vested remainders.**

Where, under the terms of a will, a deed executed by life tenants, remaindermen or any others would convey an absolute title in fee, there is no restraint upon alienation, or violation of the rule against perpetuities.

Testator by his will devised all his real estate to J., M. and C. for life, providing, however, that said real estate or any part thereof might be sold at any time by all parties interested joining voluntarily in the deed and further providing that upon the death of any one of the devisees his or her one-third share should go absolutely in fee to the children of such devisee, but if there should be no children then said one-third share should go to the two surviving devisees for life, and after the death of any two of the devisees named in the will the survivor to take all the real estate absolutely excepting such portions as may go to the children of a deceased devisee as provided in the will. Testator specially forbid the bringing of any partition action. J. predeceased testator. M. brings this action for the construction of the will against C. and against H., who is an infant daughter of said C. and the only issue of the devisees named in the clause of the will above referred to. *Held,* that as the will speaks as of the time of the death of testator and owing to the death of J. before the testator there were only two

lives in being at the time of testator's death during which the power of aliena-
tion could have been suspended, but even if J. had not predeceased testator,
the power of alienation would not have been suspended in view of the provisions
in the will providing for the sale of the real estate at any time by the parties
interested voluntarily joining in the deed; that upon H.'s birth her estate became
vested under section 40. of the Real Property Law and she is one of the parties
interested under the provisions of the will and necessarily must be one of the
grantors in any deed of the property; that J. having died without issue before
the testator the one-third of the real estate devised to him lapsed and one-third
of testator's real estate was undisposed of by the will and descended to plaintiff,
testator's sister, and the defendant C., as testator's only surviving heirs at law,
and their title to the one-third interest is unaffected by the will and either has a
right notwithstanding the prohibition in the will against partition to bring such
an action for the partition of the entire real estate.

ACTION for the construction of a will.

*Otis A. Dennis,* for plaintiff.

*L. M. Layden,* guardian *ad litem,* for defendant Helen McKee.

ANGELL, J. By this action plaintiff seeks a construction of the
will of John Pliny Adams, in so far as it relates to real estate. The
will was executed August 13, 1896, and admitted to probate
December 19, 1907. The testator died June 7, 1905. The clause
of the will as to which construction is sought is as follows:

" *Third.* I give and devise all of my real estate, and all interests
in real estate, to said Jeremiah Adams, Mary K. Adams and
Charles Herne McKee, equally for the terms of their natural life
the rents, uses, issues and profits of the same to be divided equally,
among said Jeremiah, Mary, and Charles H., so long as all three
shall live; and I specially forbid the commencing or carrying on
of any partition or other suit for the purpose of disposing of said
real estate, however, I will and direct that any and all parts of
said real estate may be sold at any time by all parties interested
therein joining voluntarily in the deed of the same. And I further
will and direct that upon the death of any one of the aforesaid
devisees herein, then his or her one-third share in all of my real
estate shall go absolutely, in fee simple to the lawful children of
said devisee if there be any at that time, and if there be no sur-
viving children of said devisee, then one-third of my real estate
goes to the two surviving devisees, to be used and enjoyed by them
equally for the term of the natural life of both with the proviso
that after the death of any two of the devisees named herein, then
the survivor shall take all of my said real estate absolutely, in
fee simple, excepting and reserving only such portions as may go
to the children of a deceased devisee as herein provided for."

Jeremiah, a son, mentioned in the clause just quoted, died prior

to the testator without issue. Defendant Charles Herne McKee is a grandson of the testator. Defendant Helen McKee, an infant, is the only child of defendant McKee, Jr., and was born December 17, 1907, subsequent to the death of the testator. Plaintiff is testator's daughter. She has never married. Helen McKee is, therefore, the only issue of the devisees named in the 3d clause.

The questions which the complaint raises are: 1. Was there an unlawful suspension of the power of alienation of the real estate? 2. Is defendant Helen McKee a necessary party to a grant of the real estate? 3. What is the effect of the provision forbidding a partition suit for the purpose of disposing of the real estate?

1. Section 42 of the Real Property Law prohibits suspension of the power of alienation for a longer period than during the continuance of not more than two lives in being at the creation of the estate. But a will speaks as of the time of the death of the testator. *Simpson* v. *Trust Co. of America,* 129 App. Div. 200. Therefore, owing to the death of Jeremiah before the testator, there were but two lives in being at the time of testator's death during which the power of alienation could have been suspended. Furthermore, section 42 expressly provides that the absolute power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. Consequently, if Jeremiah, Mary and Charles had all been living at the time of the death of testator, the power of alienation would not have been suspended, in view of the specific provision in the will that any and all parts of the real estate could be sold at any time by all the parties interested therein joining voluntarily in a deed thereof. Where, under the terms of a will, a deed executed by life tenants, remaindermen, or any others, would convey an absolute title in fee, there is no restraint upon alienation, or violation of the rule against perpetuities. *Thieler* v. *Rayner,* 115 App. Div. 626; affd., 190 N. Y. 546; *Sawyer* v. *Cubby,* 146 id. 192.

2. Is Helen one of " the parties interested " in the real estate devised, so that it is necessary for her to join in a grant thereof? Before the birth of Helen, plaintiff and McKee, Jr., jointly could have conveyed. Upon the creation of their estates, which was at the time of the testator's death, there was a contingent possibility of future estates in the children, if there should be any, of the devisees. Upon Helen's birth her estate became vested, under section 40 of the Real Property Law, which provides that an estate is vested when there is a person in being who would have an immediate right to the possession of the property on the termination of the intermediate or precedent estates. This being so, Helen

is necessarily one of the parties interested, and under the provisions of the will she is one of the necessary grantors in any deed of the property devised. If Helen's birth had antedated testator's death, there could be no question as to her being a necessary grantor. The fact that her birth was subsequent can make no difference, for her estate is as fully vested now as it would have been had she been in being when the testator died. If it were otherwise, and plaintiff and defendant McKee, Jr., had been under the will the sole donees of the power of sale, and if a sale were made by them, the proceeds thereof would simply take the place of the property sold. Defendant McKee, Jr., would have a life estate therein, remainder over to Helen. *Weinstein* v. *Weber*, 178 N. Y. 94; *Russell* v. *Russell*, 36 id. 581.

3. Because Jeremiah died without issue before the testator, the devise to him of one-third of the real estate lapsed. *Matter of Wells*, 113 N. Y. 396, 400. Therefore, an undivided one-third of all testator's realty was undisposed of by the will, and this descended equally to plaintiff and defendant McKee, Jr., as testator's only surviving heirs at law. The provisions of the will cannot operate upon this one-third as to which testator died intestate. The title of the two heirs to this is unaffected by any testamentary provisions. As to this share they are strangers to the will. Each being in actual or constructive possession of such undivided one-third, either has the right, notwithstanding the prohibition in the will, to bring an action against the other and defendant Helen for a partition of the entire real estate.

This conclusion makes unnecessary the consideration of the question as to the validity of the testamentary restriction forbidding the commencement of any partition or other suit to dispose of the real estate. Judgment is directed accordingly.

Judgment accordingly.