In the Matter of the Accounting of LESTER H. STORK, as Executor of LILLIAN M. GEDNEY, Deceased Executrix of SARAH HOBSON, Deceased.

Surrogate's Court, Yates County, October 1, 1949.

*James A. Townsend* for executor.

*Edward J. Gretchen* for heirs of Phoebe A. Crosby.

McCANN, S. A petition has been filed in this court for the construction of the will of Sarah Hobson, deceased. The construc-

tion involves the second paragraph of her will which reads as follows: " I do hereby give, devise and bequeath unto my daughter Lillian M. Gedney all my property and estate, of whatsoever name or nature, and wheresoever situate, to use the same as she may desire. It is my will that my said daughter Lillian M. Gedney shall have the use and control of all my property and estate; and that, if it be deemed by my said daughter Lillian M. Gedney to be necessary or desirable to use up the whole of my said property and estate, it is my will that she use and dispose of the same. If, however, any part of my said property and estate be left by her, unexpended, then it is my will that so much thereof as shall be left by said Lillian M. Gedney, unexpended, that the portion thereof so remaining unexpended by her shall go to and be the property of my daughter Phoebe A. Crosby; and I hereby give, devise and bequeath said unexpended portion thereof to the said Phoebe A. Crosby and to her heirs forever.''

Sarah Hobson died on the 5th day of November, 1926. Her last will and testament was admitted to probate in this court March 8, 1927, and her daughter Lillian M. Gedney was granted letters testamentary. She was survived by two daughters, Lillian M. Gedney and Phoebe A. Crosby.

George Hobson, Sarah Hobson's husband predeceased her. He was the father of Lillian M. Gedney and Phoebe A. Crosby. He had been married before and by this previous marriage had three children, Frank Hobson, unmarried, Manley Hobson and Harriet Hobson McIntyre.

Phoebe A. Crosby died testate, a resident of this county, March 5, 1943. She was survived by Lillian M. Gedney, a sister of the whole blood and the following nephews and nieces of the half blood: Henry McIntyre, George McIntyre, Lottie Bixby and Cora Wheat, children of Harriet Hobson McIntyre, a half sister who predeceased Phoebe Crosby; Albert Hobson and Katherine Hobson Allen, children of Manley Hobson who also predeceased Phoebe Crosby.

Lillian M. Gedney died testate November 21, 1946, a resident of the county of Yates. She was survived by the same nephews and nieces of the half blood as survived Phoebe Crosby.

Phoebe Crosby, by her will gave to named persons and institutions designated amounts of money. She gave the residue of her estate to sixteen named individuals. Included in these are four of the six nephews and nieces of the half blood of Phoebe Crosby, namely George McIntyre, Cora Wheat, Albert Hobson and Henry McIntyre.

What did Sarah Hobson intend by the second paragraph of her will? The residuary legatees, other than the four last above named, contend that there was an absolute gift of the "unexpended portion" to Phoebe A. Crosby and not a substitutional gift to her heirs in the event that she should die before the life tenant, Lillian M. Gedney (which event occurred). They contend that there was a vesting in Phoebe A. Crosby at the time of the death of Sarah Hobson subject to defeasance by Lillian Gedney's using all of it. The heirs of Phoebe A. Crosby claim that the vesting was postponed until the death of the life tenant Lillian Gedney.

It is a cardinal principle in construction of wills that testator's intent shall be given effect, if ascertainable. (*Matter of Silsby,* 229 N. Y. 396, 402.)

A testator's intention is to be collected from the whole will taken together, not from detached portions alone. (*Matter of Title Guar. & Trust Co.,* 195 N. Y. 339, 344.) It is the duty of the court to "interpret, not to construct; to construe the will, not to make a new one". (*Simpson* v. *Trust Co. of America,* 129 App. Div. 200, 203; *Herzog* v. *Title Guar. & Trust Co.,* 177 N. Y. 86.)

Section 40 of the Real Property Law reads as follows: "A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain." It is a primary tenet of construction that vesting at the earliest possible time consistent with the express intention of the testator is favored. (*Matter of Evans,* 165 Misc. 752, affd. 258 App. Div. 1037, affd. 284 N. Y. 571.)

At the time of the death of Sarah Hobson was there a person in being who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates? We think that there was. That person was Phoebe A. Crosby who survived the testatrix, but who died in the spring of 1943, prior to the death of the life tenant, Lillian M. Gedney, whose death occurred November 21, 1946. In consequence this court holds that the remainder vested in Phoebe A. Crosby. Immediate possession and enjoyment of such unexpended remainder was postponed to let in the intervening life estate of Lillian M. Gedney.

We now come to the question of the intention of the testator where she says "I hereby give, devise and bequeath said

unexpended portion thereof to the said Phoebe A. Crosby and to her heirs forever.'' Was this an absolute gift to Phoebe A. Crosby? We believe that it was. (See *Matter of Barrett,* 141 Misc. 637, 639, and cases cited therein.)

In consequence thereof this court holds that there was an absolute gift to Phoebe A. Crosby and the unexpended portion remaining at the time of the death of the life tenant Lillian Gedney should go to and become part of the estate of Phoebe A. Crosby.

Submit decree accordingly.