# SUPREME COURT.

FANNIE SINK, administratrix, &c., of LEOPOLD SINK, deceased, agt. BABETTE SINK and others.

*Will — residuary clause — Trust — Intestacy — Devise in lieu of dower — Distribution — Costs.*

Where a testator gave to his wife $5,000 to invest same and apply the income to the use and benefit of his son Leopold for life, and further directed that the *share of Leopold in the residuary estate* should *also* be paid to his wife, to receive the income thereof and apply the same to the use and benefit of said son L. :

*Held,* That the sum of $5,000 did not pass under the residuary clause of the will, but that as to the same, after the death of Leopold, the testator died intestate.

Also *held,* that a bequest and devise to the testator's wife *"in lieu of dower"* did not exclude her participation in the personal estate, as to which he died intestate.

Where the testator, by the residuary clause of his will, gave the remainder of his estate to his wife and five children, share and share alike, but directed the share of his son Leopold to be paid over to the testator's wife, in trust, to apply the income to the use and benefit of Leopold for life:

*Held,* that upon the death of Leopold the portion of the estate designed for his support went to his heirs and next of kin.

*New York Special Term,* 1875,

*Orlando L. Stewart,* for plaintiff.

*Albert Cardoza,* for defendants, Babette Sink and others.

VAN VORST, *J.* — Lewis Sink, having first made his last will and testament, died in 1866, leaving a widow, the defend-

ant Babette Sink, and several children, among whom was a son Leopold. In and by the third paragraph of his will he provided as follows:

"Thirdly. I give and bequeath to my wife, Babette, the sum of $5,000, in trust, to securely invest the same, and apply the income thereof to the use and benefit of our son, Leopold, as long as he shall live, and I further direct, that the share of my said son Leopold, in the residuary estate, under this my will, shall be also paid to my said wife in trust, to receive the income and profits thereof, and apply the same to the use and benefit of our said son Leopold, as long as he shall live."

"Fourthly. All the rest, residue and remainder of my estate, real and personal, I give and devise as follows: One-half part thereof to my beloved wife Babette, absolutely forever, in lieu of dower, and the other half thereof to my children, Eli Sink, Caroline Korn, Delia Korn, Leopold Sink, and Isaac Sink, to be divided among them equally, share and share alike, absolutely forever, the share coming to my son Leopold to be paid over to my wife, in trust, as hereinbefore provided."

The testator's son Leopold was subject to fits of epilepsy, and the evidence is that the father was anxious to make some provision for him for life.

The provisions in trust doubtless proceeded from this parental desire.

It was clearly the intention of the testator that Leopold should not, during his life, personally receive or manage any part of the principal of the estate. He was to be maintained out of the income of the $5,000, specifically set apart, and given to his wife for the purpose, as mentioned in the third paragraph of the will, and out of the income of his share of the residuary estate, which share, during the life of Leopold, Babette Sink, the widow of the testator, was to hold and manage.

After the death of his father, and in the year 1870, Leopold Sink intermarried with the plaintiff.

In 1874, Leopold died, leaving the plaintiff, his widow, him surviving, and one daughter, Lillie Sink, an infant of about the age of three years.

The natural construction of the third clause of the will would seem to indicate that the principal sum of $5,000, set apart, and directed to be invested, the income whereof was to be applied to the use and benefit of the testator's son Leopold, did not pass under the residuary clause of the will.

A distinction seems to be made by the testator between such sum of $5,000, specifically bequeathed to his wife, for such purpose, and the rest, residue and remainder of his estate, which passed under the fourth clause of the will; for in this third clause, the testator directs that the *share of his son* Leopold, in the *residuary estate*, should *also* be paid to his wife in trust, to receive the income and profits thereof, and apply the same to the use and benefit of Leopold, in trust, as hereinbefore provided. That is, the income of the share of Leopold in the residuary estate, in addition to the income arising from the $5,000, shall be so applied.

I should say, therefore, that the principal sum of $5,000, specifically given to his widow in trust, the income of which was to be applied for life to the use and benefit of Leopold, did not pass under the disposition made of the residue and remainder of the estate, under the fourth paragraph of the will, but was designedly excepted therefrom, and that with respect thereto, it not having been elsewhere finally disposed of, Lewis Sink died intestate.

That $5,000 has been treated by the counsel for all the parties, upon the argument, as personal estate.

It was a specific sum, to be invested for the benefit of Leopold during his life, and was actually held for such purpose up to the time of his death.

The trust ending with the life of Leopold, the principal sum of $5,000, upon that event, went to the widow and next of kin of Lewis Sink, according to the statute of distributions of the personal estate of intestates.

The devise and bequest to the widow, in the fourth clause of the will, was " *in lieu of dower*." Dower is a technical term, having a well-defined meaning, and there is nothing to indicate but that it was used by the testator in its primary sense, as indicating an interest in real property. The testator's qualification and limitation does not exclude a participation by his widow in the personal estate of which no testamentary disposition was made.

In this view of the $5,000, which, by the terms of the bequest, is treated as personal property, the widow of the testator is entitled to one-third, and the balance goes to the five children of the testator, in equal parts, the representative of a deceased child to take the share of a parent.

Lillie Sink, the daughter of Leopold, is entitled to the one-fifth part of this balance, and the same should be paid to her legally constituted guardian; to be invested for her benefit, until she attains the age of twenty-one years, or until the further order of the court in the premises. The share out of the residuary estate, designed for his son Leopold, was given and devised to him absolutely. But, during his life, it was substantially to be managed by his mother, the widow of the testator.

It was the property of Leopold, subject to the trust.

Upon the death of Leopold the trust terminated, and this portion of the estate descended to his heirs and next of kin.

But it appearing that the share of the residuary estate of the testator provided for his son Leopold was, during his lifetime, reduced to and become personal property, the same should be treated as such for the purposes of distribution.

The same should be paid to the plaintiff, to be held by her as administratrix of her husband's estate, to be administered and disposed of according to law.

The judgment to be entered shall provide for the payment of that portion of the defendant Lillie Sink to her legally constituted guardian, to be invested as is before mentioned.

Sink agt. Sink.

The costs and allowance of all the parties should be paid out of the two funds as follows:

The plaintiff's costs and allowance out of the share of Leopold Sink, in the residuary estate.

The defendants' costs and allowances out of the sum of $5,000, mentioned in the third paragraph of the will, as to which Lewis Sink died intestate.

No appeal was taken.