# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK

In the Matter of the Petition of HENRY G. TREVOR, Appellant, for the Construction of the Will of JOHN B. TREVOR, Deceased. EMILY H. TREVOR and Others, Respondents.

Second Department, April 17, 1924.

Wills — construction — provision for wife in lieu of dower and acceptance thereof does not bar her from sharing in distribution of corpus of trust for her benefit which has been declared invalid and as to which testator died intestate — doctrine of hotchpot not applicable since trusts for children were declared valid.

The fact that a widow consented to and accepted for more than thirty years the provision of the testator's will "in lieu of her dower in my estate" does not bar her from sharing in the corpus of a trust for her benefit which has been declared invalid and as to which the testator died intestate.

The equitable doctrine of hotchpot is only to be invoked in the event that it be held that the testator died intestate, both as to the corpus of the trusts for the children, and for the widow, and as the trusts for the children have been held valid in this case, the aforesaid doctrine can have no application.

REARGUMENT of an appeal by the petitioner, Henry G. Trevor, from so much of a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 30th day of January, 1923, as holds valid a trust created by the will of John B. Trevor, deceased. (See *Matter of Trevor*, 120 Misc. Rep. 22; 207 App. Div. 673; 208 id. 812.)

The testator died December 22, 1890, leaving an estate of upwards of $10,000,000. He was survived by his second wife, Emily N. Trevor, and *four* children, one by his first wife, Henry G. Trevor, the appellant, and *three* by his second wife, Mary T., Emily H. and John B., Jr., all of whom were at that time infants.

Mary T., who married, predeceased her mother, Emily N., who died in July, 1922. There are now also living several grandchildren and great grandchildren of the testator.

*Henry A. Forster* [*Henry J. O' Neill* with him on the brief], for the appellant.

*Francis Smyth*, for the respondents.

RICH, J.:

This court, upon the appeal from the decree, has held that the limitations beyond the life estate of the widow under paragraph " fifth " of the will, are invalid, in that they offend against the Statute against Perpetuities by a possible suspension of the power of alienation or the absolute ownership for more than two lives in being at the death of the testator. (*Matter of Trevor*, 207 App. Div. 673.) We are asked upon this reargument for an adjudication as to the devolution of the fund.

It is urged by the appellant Trevor that the widow, having consented to accept and having accepted for more than thirty years the provision of the will " in lieu of her dower in my estate," her estate is not entitled to share in the distribution of the corpus of her trust, as to which we have held testator died intestate. It is urged by the respondents, however, that as the cross-remainders and limitations upon the children's trust were the provisions which moved this court to declare invalid the widow's trust, if the widow's trust be invalid, then the children's trust is likewise invalid, and as the children have received the full shares they would have had in intestacy, the remaining third share of the residuary estate should pass to the widow or her estate, but in the event the widow's estate be held not entitled to the whole of the fund, that her estate is entitled to one-third, but that the next of kin should only be entitled to participate in the remaining two-thirds of the fund on bringing the respective shares which they have already received from the estate into hotchpot.

The respondents' contention that the widow is entitled to the whole of the fund, or in the event that it is held that she is entitled to but one-third, then the next of kin must bring their respective shares already received into hotchpot, presupposes an adjudication that the children's trusts are also invalid. It appears that as to the children's trust testator accomplished what he set out to do without offending against the statute, that it has been carried out, and three of his children together with the children of one who has died, have received their respective shares of the corpus of this trust. The question of the validity of the children's trust,

or that of the trust for the widow, so far as her life estate goes, was not questioned, nor was it before this court upon the appeal, and the sole question there presented and decided was as to the invalidity of the limitations beyond the life estate of the widow. Further it was not necessary to go, and further this court did not go. The equitable doctrine of hotchpot is only to be invoked in the event that it be held that testator died intestate, both as to the corpus of the trusts for the children, and for the widow, and as we have not so held, this doctrine can have no application to the case at bar.

Testator provided in the " ninth " paragraph of his will that " The provisions hereinbefore made in this my will for my wife, I intend to be in lieu of her dower in my estate." The precise question presented for decision, therefore, is whether or not by this provision testator has barred his widow from otherwise sharing in his estate. I am of the opinion he did not so intend, and that this provision of his will is not susceptible of the construction sought to be placed upon it by the appellant Trevor. (*Matter of Kelsey*, 184 N. Y. Supp. 68.) The word " dower " must be construed in its primary sense as indicating an interest in real property (*Sink* v. *Sink*, 53 How. Pr. 400.) The cases where it has been held that a widow was barred of further interest in testator's estate present a different situation from that which exists in the case at bar, from which they are clearly distinguishable. They all, as stated by Surrogate FOLEY in the *Kelsey* case, contain language expressly providing that the provisions for the widow were not only in lieu of dower, but of *all other* interest in testator's estate. Such is not the language of the will in the case at bar.

The corpus of the fund in which the widow enjoyed a life estate passes, two-thirds thereof to the children of testator living at the date of his death, and the children of those who have since died, and one-third thereof to his widow, and upon her death, to her estate.

The order of January 29, 1924, should be resettled accordingly.

KELLY, P. J., JAYCOX, MANNING and YOUNG, JJ., concur.

On reargument, order of January 29, 1924, resettled in accordance with opinion. Settle order on notice.