In the Matter of the Estate of DANIEL BROWN, Deceased.

Surrogate's Court, Franklin County, February 13, 1929.

*John W. Genaway*, for People's Trust Company of Malone and Frances Seaver.

*George J. Moore*, for Albert H. Seaver.

*LeRoy M. Kellas*, for Mary L. Brown Whitehouse and others.

LAWRENCE, S. This proceeding is for the construction of the will of Daniel Brown, who died March 5, 1869, and whose will was probated in this court May 1, 1869.

Mr. Kellas, appearing on behalf of his clients, contends that the proceeding is barred by the Statute of Limitations. Such claim is based on the provisions of section 205 of the Decedent Estate Law and section 53 of the Civil Practice Act.

It would seem that this proceeding is brought under section 145 of the Surrogate's Court Act. Under that section and section 40 of the Surrogate's Court Act, it would seem that a proceeding to construe could be brought at any time prior to, or upon judicial settlement, whenever occasion requires. These latter provisions should control the matter at issue.

The will under construction is quite a lengthy document. In the first place, it gives to the widow one-half of the household furniture and a yearly annuity of $300, which is made a charge upon testator's real estate. It gives the executors power to sell certain real estate for the payment of debts and expenses and to invest and dispose of the balance in accordance with the trusts therein created for the disposition of the income and principal of the general estate, the balance in trust to pay taxes, repairs, etc., on the same and from the net income together with the net income and such surplus as may remain from the sale of lands already referred to, to pay the widow the annual annuity of $300, " and upon the further trust " to pay over until the death of the widow and the daughter, Mary L. Brown, the residue of the rents and incomes, one-fifth to each of five children, namely, Martha Brown Colton, Ann Eliza Seaver, Henry D. Brown, William George Brown and Mary L. Brown, to be possibly reduced ratably for a purpose not important in this proceeding, and that in case either of five children should die without lawful issue, the sums bequeathed to

the child so dying should be equally divided among the survivors, and if the child so dying should leave lawful issue, then the sum so bequeathed to the child so dying should be paid to his or her child or children; further providing that after the death of the widow, the annuity be divided among the five children in the manner and proportion provided for the payment of the income of the general estate. And upon the further trust that upon the death of the widow and the daughter Mary L. Brown, the executors should sell any other real estate. And upon the further trust upon the death of the wife and the daughter Mary L. Brown to make final disposition and settlement of the principal and income of the whole property and to divide the same equally, share and share alike, among said five children and their lawful issue, the child or children of each of the said sons and daughters, if the parent or parents shall die, taking the share or portion which his or her or their parent would be entitled to if living.

The will then provides that if the store property should be destroyed by fire or otherwise, before final disposition, the executors, with the consent of Martha Colton and Ann Eliza Seaver, or the survivor, might rebuild, using any insurance money and placing a mortgage upon the property for the balance of the cost, or they might sell the premises and keep and pay over the income until final disposition as therein directed; further giving the executors power with a similar consent of the two last mentioned children, or the survivor, to convert the building into stores or, if destroyed, to rebuild or sell as previously provided as in the store premises.

The residuary clause in the will provided that any property not disposed of " I do give, devise and bequeath unto my said executors upon the several trusts hereinbefore described."

It is conceded that the interests in this will of the widow, the daughter Martha Brown Colton, the son Henry D. Brown and the son William George Brown, have been extinguished, leaving only the interest of those who claim under Ann Eliza Seaver and those who claim under Mary L. Brown, now Mary L. Brown Whitehouse, who is still living and is the administratrix with the will annexed and who has four children, namely, Sara E. Whitehouse, Alice E. Whitehouse, Marian I. Whitehouse and Florence E. Whitehouse, all of whom are living and unmarried.

It is also conceded that the laws in force at the time of the execution and probate of the will are substantially the same as the present law, so far as said statutes would affect the disposition of the issues here.

The other child of Daniel Brown, whose representatives claim an interest in this will, namely, Anna Eliza Seaver, died intestate

May 7, 1869, leaving two sons, namely, Frederick J. Seaver, now deceased, and Albert H. Seaver, who is still living but has no children.

Frederick J. Seaver died about May 22, 1922, leaving a widow and an only daughter, Marion E. Seaver. He left a will which has been probated in this court by which he gave his estate to his widow and daughter. His widow died August 1, 1923, leaving the daughter Marion as her only heir and next of kin. She left a will by which, except for some specific legacies she gave her estate to the daughter Marion. Marion Seaver died January 19, 1928, without issue. She left a will by which she bequeathed certain specific legacies, not important here, and the balance of her estate she left to the People's Trust Company of Malone, a petitioner here, in trust for Herbert H. Seaver during his life and at his death to his daughter Frances Seaver, also a petitioner here.

The first question with which we are confronted is with reference to the income. A trust was created to continue during the life of the wife, who has died, and the life of the daughter Mary L. Brown Whitehouse, who is living.

For the purpose of this discussion it may be restated that the will provided for an annuity to be paid annually to the widow and the balance of the income to the five children whose names have been given, with a provision for the benefit of another son, Charles, to be ratably deducted from the income to be paid to the other five children, coupled with a provision that, in case any of the five died without issue, the income payable to him or her should be divided among the survivors. Under the terms of the will it would, therefore, seem that Mary L. Brown Whitehouse would now be entitled to one-half of such income during the trust period and the child or children of Anna Eliza Seaver would now be entitled to the other half. The remaining question regarding the income is whether payment of income should be made to the descendants or representatives of Frederick J. Seaver or whether Albert H. Seaver should be entitled during the trust period, if he lives, to one-half of such income. Frederick J. Seaver has no descendants. The attorney representing the interests claiming to take income through him, contends that the estate of Marion E. Seaver is "the next eventual estate" and entitled to any income which Frederick J. Seaver would be entitled to receive if living.

The will contemplates that the income provided for Ann Eliza Seaver should be paid to her child or children if she died leaving issue. The terms "child or children" would seem to have a well-defined meaning and to be limited to descendants in the first degree. It was apparently not intended that there should be any accumulation of income to pass to the next eventual estate as claimed.

It seems clear that the testator desired to limit the payment of income to his grandchild. It should follow that no income could be paid to any representative claiming through Frederick J. Seaver or Marion E. Seaver and that the income which would be paid to Ann Eliza Seaver, if living, should be paid to Albert H. Seaver, her only surviving child, as being the only person coming within the designated class of income beneficiaries, such income to be paid to him during the remainder of the period, if living.

Now we approach the question of the disposition of the corpus of the estate. The contention of the petitioners is that the interest of Ann Eliza Seaver vested upon her death in her two sons; that a one-fifth share vested in her at the death of the testator, subject to be divested at her death without issue and that as she died leaving issue it thereupon vested absolutely in such issue.

It may be stated that such claimed vesting would be to the extent of one-fifth or one-tenth in the son Frederick J. Seaver. The petitioners claim, however, that the estate of Marion Seaver, his daughter, upon the death of Mary L. Brown Whitehouse, would be entitled to a one-fourth interest in the corpus of the estate and it is assumed that such claim is made by reason of the operation of intestate laws.

I have examined the paragraphs of the will providing for the disposition of the corpus of the estate. The provisions for the disposition of the income did not use the same language as is used for the disposition of the corpus. Disposition of the corpus of the estate on final distribution may possibly depend upon the operation of intestate laws. I do not think it proper at this time to endeavor to decide what should be the final disposition of the corpus of the estate, nor to offer further suggestions in that direction.

Ordered accordingly.