In the Matter of the Estate of CAROLINE E. CONANT, Deceased.

Surrogate's Court, Oneida County, January 31, 1935.

*P. Sidney Hand*, for the petitioner.

*Willis W. Byam*, special guardian for infants.

EVANS, S. This is a proceeding for the construction of the following paragraph in the last will and testament of the above-named testatrix that reads as follows:

" XIII. I give, devise and bequeath unto my said son, Harold T. Conant, my house, lot and premises now owned and occupied by me in the village of Camden, N. Y., and all the furniture and furnishings, ornaments, supplies and musical instruments therein; also my automobile, horses, carriages and articles pertaining thereto, as long as he shall desire to occupy said premises as a residence; but in case he shall not choose to occupy the same as his residence, then, and in that case, I give, devise and bequeath all said property to my said daughter, Alice P. Sisson, for her residence, as long as she shall desire to occupy the same as her residence; and, in case neither my said son nor my said daughter desires to occupy said residence and premises; and have the use of said personal property; then, and in that case, the same are to be sold, and the avails thereof to fall into the residuary of my estate."

Mrs. Conant was survived by two children, Harold T. Conant and Alice Conant Sisson, both of whom are deceased. They survived their mother and with the exception of the real property

mentioned the net estate was about equally divided between them, each receiving approximately $50,000. Following the death of the testatrix on April 20, 1921, and the probate of her will, Harold T. Conant and his family entered into possession and occupation of the residence formerly owned and occupied by the testatrix and so continued until the time of his death on June 17, 1933.

The last will and testament of Harold T. Conant was admitted to probate on July 3, 1933. By its terms the testator left to his widow the life use of the premises mentioned and the title thereto to his daughter Caroline Ann Conant, or if she shall predecease her mother, in that event the title shall vest in a son of the testator, Francis Henry Conant. Alice Conant Sisson was survived by a son, Eugene Conant Sisson. He was cited in this proceeding but made no appearance. From certain proofs submitted it appears that he now contends that paragraph XIII of the will of the testatrix herein vested in Harold T. Conant merely a life estate in the real property mentioned and that his death has terminated such interest; that the death of Alice Conant Sisson also terminated any contingent life use that she may have had in the premises, and that title is now vested in her son, Eugene Conant Sisson, as to one-half share and the other half in the distributees of Harold T. Conant.

I think that this court is without jurisdiction to determine this question by a construction of paragraph XIII. A decree of judicial settlement in this estate was entered on March 28, 1921.

" An executor, administrator with the will annexed, testamentary trustee, or any person interested in obtaining a determination as to the validity, construction or effect of any disposition of property contained in a will, may, either at the time of or prior to the filing of a petition for a judicial settlement of an account of the executor or administrator with the will annexed, present to the court," etc. (Surr. Ct. Act, § 145.)

I think that it is clear that no construction of a will in Surrogate's Court can be obtained after a judicial settlement of the estate. (*Matter of Brown*, 133 Misc. 587.)

In the case at bar the son and daughter of the testatrix are deceased. They were the persons primarily interested in the real property under the will of Caroline E. Conant. The persons now interested are strangers to this proceeding in so far as the provisions of this will are concerned, and this court has no jurisdiction over them. This situation, however, does not deny to them a remedy in another court.

" The validity, construction, or effect, under the laws of the state, of a testamentary disposition of real property situated within

the state, or of an interest in such property, which would descend to the heir of an intestate, may be determined, in an action brought for that purpose, in like manner as the validity of a deed, purporting to convey land, may be determined." (Dec. Est. Law, § 205.)

The above section expressly states that it has no application where a controversy involving the same issue has been passed upon by a Surrogate's Court.

It follows that this proceeding is dismissed without prejudice to the petitioner or any other party in interest to pursue a remedy in another court.

Decreed accordingly.