In the Matter of the Accounting of RUTH FINKELSTEIN, as Administratrix C. T. A. of SOL FINKELSTEIN, Deceased.

Surrogate's Court, Bronx County, June 4, 1947.

*Harry H. Mogel* for administratrix.

*Nathaniel L. Goldstein, Attorney-General* (*P. Hodges Combier* of counsel), for unknown beneficiaries.

*Isidore Dollinger,* special guardian for Arthur Finkelstein and another, infants.

HENDERSON, S. The decedent herein died on the 13th day of February, 1945. In his will, which is holographic, he made the following disposition: " After sale of merchandise * * * and after all expenses and debts are paid, the remaining cash should be divided as follows: a. one eighth of the money to charity." In other portions of the will, legacies are given to his widow, mother, brother, sister and children. The will failed to name any person as executor.

In this proceeding to judicially settle her account as administratrix *c. t. a.,* the widow alleges that the bequest hereinabove set forth should be declared invalid for indefiniteness.

The Attorney-General of the State of New York contends that the above-quoted words constitute a valid charitable bequest.

The court is wholly in accord with the latter contention.

The language employed by the decedent clearly expresses a charitable intent and meaning. Finding such an intent, the court should give it effect if it is possible to do so by the application of the most liberal rules of construction (*Matter of Durbrow,* 245 N. Y. 469, 474).

Under the provisions of section 12 of the Personal Property Law, no bequest to religious, educational, charitable or benevolent uses shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated in the will as beneficiaries.

The testator herein has in substance made a bequest to the person acting as his estate representative, of one eighth of his estate, to be applied by such representative to such charity or charities as may be selected by the representative in the exercise of his judgment. Such a bequest is valid (*Matter of Cunningham*, 206 N. Y. 601). The lack of a named executor and the failure of the testator to make a formal gift in trust does not affect the validity of the gift (*Matter of Durbrow, supra*).

Accordingly, the administratrix *c. t. a.* will be directed to file a statement upon notice to the Attorney-General, setting forth the names of the charitable institutions selected by her together with the sums which she decides to distribute to such charities.

With respect to the widow's election, each beneficiary will be required to contribute pro rata to make up the deficiency in her elective share.