In the Matter of the Accounting of CITY NATIONAL BANK OF BINGHAMTON, as Administrator with the Will Annexed and as Trustee under the Will of FREDERICK R. EDWARDS, Deceased.

Surrogate's Court, Broome County, November 16, 1949.

*John H. McKinney* for administrator *c. t. a.* and trustee, petitioner.

*Dana B. Hinman* and *Prescott D. Perkins* for A. Louise Edwards and others, respondents.

*G. Mead Willsey* for Lewis M. French, as administrator *c. t. a.* of Olivia M. Edwards, deceased.

PAGE, S. In this proceeding, the only issue in controversy is as to the disposition of the present remainder of $10,000 which has been, up to now, treated as a trust, pursuant to paragraph " Third " of the decedent's will.

The decedent died February 14, 1927, leaving his last will and testament dated January 25, 1926, and duly admitted to probate February 18, 1927. Letters testamentary were issued to the nominated executor, Louis B. Edwards, who later accounted as such and the estate was taken over by the present petitioner as administrator *c. t. a.* April 18, 1927.

The provisions of the will in question are:

"Third. I give and bequeath unto my executor and trustee hereinafter named, in trust, the sum of ten thousand dollars, said sum to be kept invested as he may deem best, and the use, income and profits thereof to be paid to my wife, Olivia M. Edwards, at such times as may be most advantageous, and at least semiannually, and if at any time said income and profits of said sum of $10,000, shall not be sufficient for the personal and individual care, support and maintenance of my said wife, then and in that event, my said executor and trustee may use such portion of said principal sum as he may deem necessary for that purpose."

" Seventh. I give, devise and bequeath all the rest, residue and remainder of all my property, either real or personal, of whatever kind or nature, as follows: one-half thereof to my son, Harry Edwards, and one-half thereof to be divided among my grandchildren, share and share alike."

The only previous proceeding in this estate having an important present bearing is the accounting by the administrator *c. t. a.* in 1928. The reason this proceeding is more material than either of the others is that the decree therein contained a provision as follows: " It is further Ordered, Adjudged and Decreed, that said Administrator with the will annexed pay to City National Bank of Binghamton, as Trustee, the sum of Ten Thousand Dollars, to be treated and disposed of as provided by

paragraphs ' Third ' and ' Seventh ' of the said will of said decedent.''

The contention of one of the sets of respondents, comprising all the residuary legatees of Frederick R. Edwards, deceased, is that the provision of the decree in the former accounting proceeding, even though it may have done so erroneously, nevertheless, did finally and conclusively (since no appeal from it was ever taken) determine the disposition of the fund here in question to the effect that the original $10,000 constituted a trust for the life of the testator's widow (by provisions of paragraph '' Third '' of the will) and that the present remainder now devolves according to the provision of his will's paragraph numbered '' Seventh '', above quoted.

A further contention of this group of respondents is that, regardless of how incontestable the right of decedent's widow, Olivia M. Edwards, might once have been, that this is of no avail to the opposing group of respondents herein, her legatees, because of her having pursued a course of conduct and adopted an attitude which must now be regarded as the basis of an estoppel against her and successors to her in respect to asserting such claim.

The only further material facts are derived from examining the record and file of the previous proceeding last above referred to. This shows that Olivia M. Edwards was included among the respondents cited in this proceeding. The citation does not appear to have been served upon her, as she executed a waiver which was duly filed. Also, she executed and there was filed in the previous proceeding a satisfaction of the same decree in which the above-quoted provision was contained, such satisfaction containing, among other things, her receipt for the sum of $495.78, '' being in full of her share and portion of the estate of said deceased, as legatee or otherwise, except her interest in and to a trust fund of $10,000.00 to be held by said City National Bank as Trustee ''.

Also, in accordance with the above-quoted decretal provision, the sum of $10,000 was in fact turned over to the City National Bank of Binghamton, as trustee, and has been administered by it as a trust for the benefit of Olivia M. Edwards from 1928 until the date of her death, February 17, 1949, the amount of the present remainder being $8,726.47.

The present issue to be determined arises upon motion made by counsel for the set of respondents herein, comprising the residuary legatees of the testator, Frederick R. Edwards, deceased, to dismiss that portion of the petition herein in relation to a con-

struction of the above-quoted paragraphs "Third" and "Seventh" of the will in question upon the grounds: (1) that the question has already been determined in a proper proceeding in which all necessary parties were before the court and is *res judicata*; and (2) that all persons claiming through Olivia M. Edwards under her last will and testament are by her conduct, both her affirmative acts and her failure to act, estopped to raise this question of construction.

The present motion, although not expressly so-called, is, actually, a motion pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice. But, in view of the disposition of the present motion which I feel should be made, it will be unnecessary to go into a consideration of technical and other details in relation to such motions generally, as related to this motion in particular.

In order to make the following consideration of the present motion more intelligible, it is necessary to first briefly advert to its rationale. The design and purpose of this motion is the disposal on the merits of the present proceeding, insofar as it involves construction of the will. The stake consists of the remainder of the $10,000 mentioned in paragraph "Third" of the will.

A reading of this paragraph discloses that words such as, "for and during the term of her natural life" following the name of the beneficiary, Olivia M. Edwards, or any other words designating any limitation of time as to the term of the trust are conspicuous by their absence.

A well-established rule of construction is that any use, in the form of a trust or otherwise, given without limitation as to time is taken to constitute a gift of the principal or corpus as well as income of its subject matter. (Authorities to this effect are: *Matter of Putnam*, 112 Misc. 315, *Hatch* v. *Bassett*, 52 N. Y. 359, *Matter of Ingersoll*, 95 App. Div. 211, *Matter of Dibble*, 76 Misc. 413, *Matter of Goldmark*, 186 App. Div. 447, *Locke* v. *Farmers' Loan & Trust Co.*, 140 N. Y. 135, and *Matter of Sackett*, 201 App. Div. 58.) *Matter of Harris* (138 Misc. 287, citing *Matter of Sackett, supra*) specifically holds that it makes no difference as to the result, viz., a gift *in toto*, that the testamentary language is in the form of words which would be, as in the present case, appropriate for the creation of a trust. For purposes of disposing of the present motion only, I am treating the situation as if the provision of paragraph "Third" of the will would have, at the time of the 1928 proceeding, been, in legal effect, a general bequest of $10,000 to testator's widow, Olivia M. Edwards. The question as to whether or not this was then or would now be the appropriate adjudication is not before us now.

The objective of counsel for respondents identified by their interests under the residuary paragraph " Seventh " of the will, naturally, is to determine that the direction that $10,000 " to be treated and disposed of as provided by paragraphs ' Third ' and ' Seventh ' of the said will " is tantamount to a specific adjudication that the amount in question was, in 1928, the corpus of a trust for the life of testator's widow with the remainder to persons designated in paragraph " Seventh ", and that this decretal provision constituted a final, and now incontrovertible, adjudication.

On the point of *res judicata,* counsel relies on provisions of section 145 of the Surrogates' Court Act and particularly upon subdivision 8 of section 40 of the Surrogate's Court Act as to the time when construction of a will may be had, and the provision to the effect that the surrogate has jurisdiction to construe incidentally to the exercise of his judicial functions, " whenever it is necessary " in any proceeding. Cases cited in this connection are *Matter of Brown* (133 Misc. 587), and *Matter of Conant* (154 Misc. 338). In further support of this contention, the undeniable circumstance is urged that jurisdiction was duly acquired of all necessary parties, including the testator's widow, Olivia M. Edwards. Cogent authorities are cited to the effect that the Surrogate in 1928 had power to construe insofar as such judicial function was necessary in order to arrive at a proper determination of all issues involved in the proceeding. Cited cases to this effect are: *Garlock* v. *Vandevort* (128 N. Y. 374), *Matter of Scoville* (72 Misc. 310), *Chipman* v. *Montgomery* (63 N. Y. 221), *Matter of Ostrovitz* (150 Misc. 226), and, also *Kirk* v. *McCann* (117 App. Div. 56), a case where the court declined to review the decree of the Surrogate which had made certain determinations involving construction of a will. This case cited *Hascall* v. *King* (162 N. Y. 134), *Matter of Tilden* (98 N. Y. 434), and *Matter of Hawley* (100 N. Y. 206). Finally, there is cited *Matter of Barrett* (124 Misc. 699) supporting the proposition that, " Every decree of the Surrogate's Court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained. To such decree there is attached all the presumptions pertaining to a judgment rendered by a court of general jurisdiction in a common law action ".

On the contended basis of estoppel over and beyond *res judicata,* cases cited and principles enunciated in them discussed in relation to the present determination are: *Reid* v. *Sprague* (72 N. Y. 457), and *Matter of Hennessey* (155 Misc. 53).

Counsel for respondents is to be commended upon the excellent manner in which his contention is set forth and supported by authorities. However, an extensive review of the history and function of the doctrine of *res judicata* shows that, unlike the definite statutes of limitation, it is more closely analogous to the doctrine of laches as applied in equity, so that the question of its application or nonapplication is, quite frequently, because of special circumstances, governed by various equitable considerations.

For very obvious reasons, it would, of course, be intolerable if litigations, once they are adjudicated by a court of competent jurisdiction, could be reactivated. But, salutary and necessary as it is to anchor to such a legal stabilizer as *res judicata,* or the analogous Statute of Limitations, or the more remotely analogous doctrine of *stare decisis,* still such anchorages are not absolute. Their applications are not completely arbitrary and automatic. They are not administrable by a robot.

*Res judicata* would become an instrument of injustice if applied without due regard as to whether or not its application would be equitable in view of the unique circumstances of a specific case. Tending toward some insurance of its equitable application, certain criteria have been established. Primary among these is that any issue as to which *res judicata* is asserted really was previously litigated and determined in the sense that all parties in the previous action or proceeding can be fairly said to have had " their day in court " as to the particular issue in question, i.e., knew or ought to have known that such an issue involving title to property or other comparable legal right was up for adjudication and that the court, in rendering judgment, expressly, or impliedly to a degree leaving no serious question, recognized, treated and determined it as such an issue embraced within a judicial determination identified with the judgment.

Usually *res judicata* would not be applicable to an issue not joined by the pleadings. By the stronger reason this observation is in order where a question of title was not even mentioned in them. In the above-mentioned proceeding of 1928, the petition, account and citation were all silent as to any question of construction. The record indicates that the testator's widow, Olivia M. Edwards, was not represented by any attorney. She signed a waiver of citation. But she did so in relation to a petition, account and citation not apprising her in any way of any question of construction which might, could or would affect her property rights. It does not appear that there was any evidence taken in the proceeding and there is nothing in the entire record to

show any question was raised or presented to the court in any way concerning the determination of the devolution of the $10,000 in question.

In all probability, the decretal provision in question was incorporated in the proposed decree by the attorney for the estate and did not ever engage the mind of the Surrogate as to its propriety or otherwise. Of course, it is true that decrees regular upon their face are presumed to be unimpeachable especially by any speculation as to whether any of the decretal dispositions were intended by the judicial officer rendering the adjudication.

But we do not need to rely on pure speculation as to this in the present instance because of the presence of other and more potent considerations. Among these not already mentioned and related to the doubt as to whether the court meant what the movant contends, it is to be noted that the decree provides that the money in question shall be payable in accordance with paragraph " Third " and finally disposed of in accordance with paragraph " Seventh ", but without purporting to render any interpretation of either paragraph beyond the language contained respectively in them. A further major consideration is that the present respondents who are seeking to assert their interests under paragraph " Seventh " have been in no way prejudiced by the previous decree. All the time since the decree was rendered has been occupied by the application of the money and the income therefrom to the welfare and support of the testator's widow from 1928, up until her recent death. She at least had the right to everything that she actually obtained under this decretal provision. From this standpoint, there is no inequity to this set of respondents in now construing the provisions in question.

The same observation is true as to the alleged basis of estoppel. *Res judicata* is itself a species of estoppel, but, of course falling short of the full scope of equitable estoppel in its entirety. It is urged that the widow, Olivia M. Edwards, by both her affirmative acts and failure to act, has laid the basis for an estoppel binding upon those in privity with her who now claim under her, comprising the beneficiaries of her will. Her only affirmative act seems to have been in signing a satisfaction of the decree rendered in 1928 to the effect that she accepted the amount due her under the will, exclusive of paragraph " Third ", as her whole share and portion of the estate. The words to this effect are, " as legatee or otherwise, except her interest in and to a trust fund of $10,000.00 to be held by said City National Bank as Trustee ".

True she called it a " trust fund ". It was such, at least in form. But it is very doubtful that a fair construction of this language is that it constitutes a disclaimer of title to the money which, it is assumed, she might have claimed in its entirety as her own, had she been adequately advised and fully cognizant of her possible or potential right to do so. Moreover, a plausible construction of the words in the satisfaction of decree above quoted may be taken to serve merely as a designation of the portion of her interest in her deceased husband's estate, not to be regarded as being covered at all in respect to any rights she might have under the will, the satisfaction being as to everything *except* this.

The same observations which we have made with respect to the question of *res judicata* are equally applicable to any question of estoppel beyond the limits of or independent of *res judicata*. Any basis for an estoppel must be equitable in respect to the persons against whom it is claimed or their predecessor in interest. Although it is true that one would, ordinarily, automatically comprehend the other, there must be, likewise, a basis in equity existing in favor of those by whom the doctrine of estoppel is contended to be applicable. Again, we must remind ourselves that the movant respondents have not been prejudiced by any act of the testator's widow. Any right, title or interest they have or might have had, they still have.

The following authorities are presently applicable to the question of *res judicata* and some of them deal with questions of estoppel other than by way of *res judicata*. In order to achieve some, but unsatisfactory, degree of brevity in citing and applying these cases, their composite tenor will be sought to be intersticed.

As stated by the court in *Matter of Trevor* (120 Misc. 22, 28, mod. 207 App. Div. 673, resettled 209 App. Div. 1, mod. 239 N. Y. 6): " The application of the doctrine of election and estoppel will not be considered by the courts as effectual, even though the petitioner has waited for over thirty years to ascertain if perchance he might participate in his half brother's and half sisters' share in the event of their dying without issue. Failing in this, he has the right to attack the provisions of the will, because the question now before the court has never been litigated or decided." (*Matter of Buttner,* 125 Misc. 224.)

A near quotation, but slightly adapted to the present situation, as stated by the court in *Bailey* v. *Buffalo Loan, Trust & Safe Deposit Co.* (213 N. Y. 525) supports the following commentary. A judgment is conclusive upon the parties only in respect to the grounds covered by it, and the facts necessary to uphold it, and

although a decree, in express terms, professes to affirm a particular fact, or determine some point of law, yet, if such fact or point was immaterial to the issue or issues involved so that, in any proper sense, the controversy did not turn upon it, or there was no previous controversy, the previous decree will not conclude the parties with reference to such collateral or unlitigated matters. Decrees on accountings must be regarded as conclusive upon all past transactions and payments covered by them, but, unless made so by the pleadings, or, at least, based on appropriate allegations in the petition, title to a trust fund is not an issue upon the accounting. The distribution thereof may be determined in a subsequent construction proceeding. (*Bowditch* v. *Ayrault,* 138 N. Y. 222; *Rudd* v. *Cornell,* 171 N. Y. 114; *Matter of Hoyt,* 160 N. Y. 607; *Central Trust Co.* v. *Falck,* 177 App. Div. 501; *Matter of Knapp,* 141 Misc. 540.)

Slightly paraphrasing the language of the court in *Matter of Young* (249 App. Div. 495) there can be no conclusion of his rights (by estoppel) where a beneficiary is not fully apprised of the facts and questions of law involved and is left without knowledge of the acts to be confirmed or of his rights under the law applicable thereto and how such facts would be dealt with by a court of equity. (*Adair* v. *Brimmer,* 74 N. Y. 539, 554; *Smith* v. *Howlett,* 29 App. Div. 182; *Babcock* v. *Warner Bros. Theaters,* 240 App. Div. 466; *Matter of Junkersfeld,* 244 App. Div. 260; *Matter of Frame,* 245 App. Div. 675.)

It is derivable from the above cited cases that the maxim, " Ignorance of the law excuses no one ", or, otherwise stated, " Everyone is presumed to know the law ", is not applicable to a situation such as is before us in connection with the present motion. In my view the decree of 1928 is not *res judicata* as to the question of title to the present remainder of the fund allocated under paragraph " Third " of the will, nor is there otherwise any sufficient basis to support the conclusion that the set of respondents who have applied for a present construction of said paragraph are estopped to do so. The motion is denied.

Enter order accordingly.