In the Matter of the Estate of HENRY ITTLESON, Deceased.

Surrogate's Court, New York County, January 20, 1950.

*James A. Delehanty* for Blanche F. Ittleson, petitioner.

*Jeremiah P. Lyons* for Henry Ittleson, Jr., and others, as trustees of Ittleson Family Foundation, petitioners.

*Herbert J. Dietz,* special guardian for Henry A. Ittleson and others, infants, respondents.

*Nathaniel L. Goldstein, Attorney-General (P. Hodges Combier* of counsel), for unidentified charities and charitable beneficiaries, respondent.

FRANKENTHALER, S. Deceased's widow and the trustees of an *inter vivos* trust have instituted separate proceedings, each pursuant to sections 145 and 145-a of the Surrogate's Court Act for construction of deceased's will and for determination of the validity and effect of the widow's election under section 18 of the Decedent Estate Law. The proceedings have been consolidated. The widow's right to elect and the validity of her exercise of that right are not in dispute. Two issues are presented. The first is whether or not the amount of the estate tax enters into the initial computation of the elective share. The second question concerns the method of charging the elective share against the interests of legatees under the will.

Section 18 of the Decedent Estate Law grants to a surviving spouse, under certain circumstances, a personal right to elect to take his or her share of the estate of the deceased spouse " as in intestacy ". The primary measure of the participation of the surviving spouse in the estate is the share in intestacy provided in section 83 of the Decedent Estate Law. It is against this measure that, in the first instance, the adequacy of any testamentary provision must be considered and the extent of any elective share must be determined. When a will contains no benefit to the surviving spouse, the base for the computation of the elective share is the rule of intestate distribution. Paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law fixes a limitation upon the amount of any elective share by confining the elective share to one half of the net estate

after deduction of debts, funeral and administration expenses *and any estate tax*. This is distinctly the establishment of a maximum and is not a formula for the computation of the elective share. The statutory requirement is that if the computed elective share exceeds the upper limit fixed in the statute, the share must be reduced by such excess. The ceiling applies in the estate of a deceased not survived by issue (*Matter of Hubbell*, 65 N. Y. S. 2d 40; *Matter of Willoughby*, 45 N. Y. S. 2d 177, affd. 268 App. Div. 1046; *Matter of Curley*, 160 Misc. 844) since an intestate distribution of such an estate would provide the widow with more than half of the net estate (Decedent Estate Law, § 83, subds. 2, 3 and 4). In the instant case deceased was survived by a widow and children. The share in intestacy of the widow would be one third of the net estate remaining after payment of debts, funeral and administration expenses (Decedent Estate Law, § 83, subd. 1). The elective share of the widow is to be computed on a like basis and the amount of the estate tax is not to be deducted before the computation of the widow's one-third share of the estate. (*Matter of Goldsmith*, 177 Misc. 298; *Matter of Peters*, 88 N. Y. S. 2d 142, affd. 275 App. Div. 950.) If the amount of the elective share so arrived at were to exceed half of the estate after deduction of debts, funeral and administration expenses *and any estate tax*, the limitation of paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law, then would become operative to reduce the elective share.

It is the contention of the petitioners that the elective share, once computed, should be charged solely against the residuary estate. This contention may be sustained only if such an intention of deceased is found in his will (*Matter of Goldsmith*, 175 Misc. 757; *Matter of Byrnes*, 149 Misc. 449; *Matter of Devine*, 147 Misc. 273; *Matter of Curley*, 160 Misc. 844, *supra*; *Matter of Litt*, 73 N. Y. S. 2d 368; *Matter of Topazio*, 175 Misc. 132; *Matter of Finkelstein*, 189 Misc. 180). Deceased's will is silent with respect to the source of the contributions required to comprise an elective share and, in fact, the will contains no reference whatsoever to the elective right of the widow. Deceased's failure to display any indication of his intention requires the court to direct a ratable contribution in conformity with equitable principles.

It has been suggested that because deceased wanted certain of the estate taxes (although not all of such taxes) paid from the residuary estate, without apportionment pursuant to section 124 of the Decedent Estate Law, he foresaw the possibility

that there could be a serious diminution of the residuary gifts and even a complete exhaustion of the residuary estate. On this premise the argument has been advanced that deceased's imposition of taxes upon the residuary interests indicates a disregard for the residuary legatees and compels the inference that deceased intended to assess such legatees with the entire contribution necessary to constitute the elective share. The assertion that the explicit imposition of a particular charge against a legatee requires him to bear all unmentioned charges is a *non sequitur*. The express stipulation against apportionment of taxes does not supply an omitted expression of intention with respect to the charging of the elective share.

In support of the petitioners' position upon the question of prorating the elective share, oral testimony was taken and documentary evidence was offered subject to motion to strike. The motion, made at the conclusion of the hearing, to strike out the testimony and the exhibits is granted. The intention of a deceased, for the purpose of construing his will, is to be gathered from the will read as a whole (*Matter of Evans,* 234 N. Y. 42; *Matter of Schliemann,* 259 N. Y. 497) and where the judicial conscience is in doubt as to the construction of a particular provision, the circumstances surrounding deceased at the time of the instrument's execution may be considered (*Matter of Smith,* 254 N. Y. 283; *Matter of Neil,* 238 N. Y. 138; *Collister* v. *Fassitt,* 163 N. Y. 281; *Bradhurst* v. *Field,* 135 N. Y. 564) and resort may be had to facts pertaining to deceased's fortune and family (*Matter of Title Guar. & Trust Co.,* 195 N. Y. 339). The primary rule of construction always is that the unambiguous intention disclosed by the language of the will must prevail (*Matter of Battell,* 286 N. Y. 97; *Matter of Durand,* 250 N. Y. 45; *Matter of Watson,* 262 N. Y. 284) and parol evidence is never admissible to contradict the words of the will or to provide an intention that is omitted from the instrument (*Matter of Smith, supra*; *Dwight* v. *Fancher,* 245 N. Y. 71; *Brown* v. *Quintard,* 177 N. Y. 75; *Matter of Nelson,* 268 N. Y. 255; *Matter of Tamargo,* 220 N. Y. 225). The court is not here confronted with the task of either resolving an ambiguity or interpreting an expression lacking clarity. The complete omission from deceased's will of any intimation as to his intent respecting the assessment of an elective share precludes resort to extrinsic proof to fill the void.

The admission of the evidence offered by the petitioners would not aid their case and would not alter the court's determination of the issues. Nevertheless, some reference to that

evidence is appropriate. The inability of the court to draw any inference from the tax clause of the will has been discussed. Proof as to the extent of *inter vivos* transfers and as to the identities of the beneficiaries of such gifts does not break the silence of the will or provide an intention not voiced in the will. Evidence that on the day of the will's execution deceased knew that his wife's written waiver of her right of election was procurable and proof that such waiver was obtained on the following day, as part of a single testamentary operation, explain the omission from the will of any reference either to the right of election or to the source from which an elective share would be paid. The will contains no allusion to an election for the obvious reason that the right of election was nonexistent, for practical purposes, at the time of the will's execution and actually was nonexistent upon the signing of the waiver on the day after the making of the will. It cannot be said that a testator who had his wife's commitment to waive her right of election could have an intention or state of mind as to the method of charging an extinguished right of election against his estate. A letter written by the testator to the persons nominated as executors in his will establishes by its text that the rescission of the wife's waiver (accomplished with the testator's consent) was occasioned by events long subsequent to the will's execution and that the rescission and the writing of the letter were motivated by a change in the tax laws occurring after the date of the will. The letter discloses the fact that the testator was acutely aware of the need for a codicil to his will and that the letter was written, as a substitute for a codicil, because of the failure of the will to contain any direction in respect of charging the elective share against the estate. The letter is not a testamentary instrument. It is expressive only of a state of mind arrived at months after the execution of the will and induced by events subsequent to the making of the will. The context of the letter offered in evidence is contradictive of the assertion therein that it expresses deceased's state of mind at the date of the will. For some purposes statements subsequent to the date of the will may be relevant to show a decedent's state of mind at the time of the will's execution (*Matter of Putnam*, 257 N. Y. 140) but circumstances arising after the making of the will do not aid in the construction of its language (*Matter of Hoffman*, 201 N. Y. 247; *Matter of Russell*, 168 N. Y. 169; *Morris* v. *Sickly*, 133 N. Y. 456; *Herzog* v. *Title Guar. & Trust Co.*, 177 N. Y. 86; *Central Trust Co. of New York* v. *Egleston*, 185 N. Y. 23; *Tilden* v. *Green*, 130

N. Y. 29; *Riker* v. *Gwynne*, 201 N. Y. 143; *Matter of Trevor*, 207 App. Div. 673).

The court holds that the elective share is to be computed in the amount to which the widow would be entitled were an intestate distribution of the estate to be made, subject to diminution only if such share of the estate should exceed the statutory ceiling contained in paragraph (a) of subdivision 1 of section 18 of the Decedent Estate Law. It is further held that the elective share is to be equitably prorated against the benefits under the will and is, not chargeable solely against the residuary legacies.

Submit decree on notice.